## Barre v. Reading City Pass. Ry., Appellant.

*Negligence—Evidence—Trespasser—Infant.*

In an action for personal injuries, plaintiff, a girl eleven years old, and two companions about the same age, testified that as they were coming from school plaintiff got upon the front platform of a street car while it was in motion and held on by the hand-rails, that the driver saw her, whipped up his horses, and then putting down his whip beat plaintiff upon the hands and finally pushed her off the car, so that she fell under it and was run over. One of plaintiff's companions testified that she ran along even with the car, looking at the driver all the time to see what he was going to do, and that they expected that plaintiff having jumped on, he, the driver, would do something. Defendant proposed to ask her on cross-examination what she had thought the driver would do. The question was objected

to, on the ground that a child of plaintiff's tender years could not be a trespasser. The court disallowed the question. *Held*, not to be error.

In the above case defendants asked the driver whether the car was going at a slower or faster rate of speed than usual, to which he answered: "About half as fast as some places. I tell you how it is, where it is nice and level "—At this point plaintiff's counsel interrupted the witness, while defendants' counsel asked that the witness be permitted to go on with his explanation. The court refused to permit the witness to proceed, as the witness had answered that the rate of speed was not in excess of the usual rate. *Held*, not to be error.

Argued Feb. 27, 1893. Appeal, No. 323, Jan. T., 1892, by defendant, from judgment of C. P. Berks Co., June T., 1889, No. 54, on verdict for plaintiff, Elizabeth Barre, by her next friend. Before STERRETT, C. J., GREEN, WILLIAMS, McCOL-LUM, MITCHELL and DEAN, JJ.

Trespass for personal injuries.

At the trial, before ENDLICH, J., it appeared that plaintiff, a child between eleven and twelve years of age, was run over by a car on defendant's railway, receiving personal injuries. She and two companions, aged between eleven and twelve, testified, in substance, that they were all coming from school; that plaintiff got upon the front platform of the car while it was in motion, having hold of the two hand-rails; that the driver saw her; that he whipped his horses, " making them go at a fast rate; " then put down his whip, wrapped the lines about the brake handle, beat the plaintiff upon the hands to make her let go, and finally pushed her off the car, so that she fell under it, and was run over.

Sallie Potter, one of the little girls, testified that after plaintiff had got on the car, she and Sallie Hause, the other little girl, "ran along even with the car," "looking at the driver all the time," "to see what he was going to do," and that they " expected that Lizzie having jumped on, he," the driver, " would do something." The witness was then asked on cross-examination : " Q. What did you think he would do ? " Objected to, as plaintiff could not be a trespasser. Objection sustained and exception. [1]

When the driver was on the stand, he was asked: " Q. Were you going at a slower or faster rate than the usual rate of speed ? A. About half as fast as some places. I tell you how

it is, where it is nice and level—(interrupted.)   Mr. Jacobs :
Mr. Madeira, we desire you to answer the questions and give
answers that are responsive to the questions asked you.   It is
objected to.   Mr. Derr : We ask that the witness be permitted
to go on and explain his answer.   Mr. Jacobs : Objected to
because it requires no explanation.   The witness was about
to say how they drove on other tracks of the street railway,
which are miles long.   By the Court : The witness having
answered that the rate of speed was not in excess of the usual
rate of speed, the objection is therefore sustained.   Excep-
tion. [2]

Verdict and judgment for plaintiff for $4,000.   Defendant
appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting
the bills of exceptions.

*Cyrus G. Derr, Charles H. Schaeffer* and *H. A. Muhlenberg,*
for appellants.—It was proper that the driver should state how
the grade affected the moving of a car and its manageableness
with respect to speed.   His experience as a driver made him
an expert as to this, and the fact of his being the same driver
who was accused of whipping the horses in order to make
them go at an unusual rate of speed, and then pushing the
plaintiff off, made it in every respect proper that he should be
permitted to explain the matter fully.

What the witness thought or expected the driver to do had
a direct tendency to disclose the common purpose of the little
girls, and to show their relation to one another, and affect their
credit as witnesses.   It would also tend to show whether the
plaintiff was a trespasser on the car, and would enable defend-
ant, by a comparison of what she should declare she thought
or expected the driver would do with what she testified was
done, to test her credibility and the consistency of her testi-
mony.

*J. H. Jacobs* and *H. P. Keiser,* for appellee, not heard, cited :
Biddle v. Hestonville, Mantua & Fairmount Pass. Ry., 112 Pa.
551 ; Maberreg v. Dudley, 2 Penny. 367 ; Cullmans v. Lindsay,
114 Pa. 166 ; Cake v. Bank, 116 Pa. 264 ; Spencer v. Colt, 89
Pa. 314 ; Thomas v. Loose, 114 Pa. 35.

PER CURIAM, March 13, 1893:

This case involved questions of fact upon which plaintiff's right to recover depended. Those questions were fairly submitted to the jury in a clear and comprehensive charge to which no exception appears to have been taken. By necessary implication, the verdict establishes the fact that the severe injury sustained by plaintiff, under the wheels of defendant company's car, resulted solely from the negligence of the driver in rudely forcing her from the front platform of the car while it was in motion. The evidence tended to show that plaintiff jumped upon the lower step of the front platform of the then slowly moving car. While she was maintaining herself, in that position, by holding the grab-handles, the driver, after whipping up his horses, hit her on the hands. Failing to loosen her hold in that way, he rudely and violently thrust her off the step, and, falling under the car, she was run over. The learned trial judge rightly instructed the jury that if the injury occurred in that way the company was liable; and, in view of the verdict in plaintiff's favor, the presumption is that they did so find.

Assuming, as a fact, defendant's allegation that plaintiff was a trespasser, that would not justify the driver in removing her, from the rapidly moving car, so forcibly and with such utter disregard of her personal safety. If the testimony was believed —as it must have been—by the jury, the driver was fully aware of plaintiff's situation and how she was sustaining herself, and he could not have been ignorant of the fact that she was a child of tender years. Knowing all this, he was at least bound to exercise such care, in putting her off, as not to endanger her life or limbs. Even trespassers are entitled to humane consideration; but plaintiff's youth exempted her from the charge of being a trespasser, in the legal signification of the word.

There was no error in rejecting the offer recited in the first specification. What the proposed witness may have "thought the driver was going to do to the plaintiff" when she jumped on the lower step of the platform, could have no possible bearing on the driver's conduct in whipping up his horses and then rudely and violently pushing her off. Whether she thought the driver would permit her to enter the car, or would eject her therefrom, was wholly irrelevant.

The second specification is also without merit. In fact there

was very little, if anything, in the case, on which to ground a defence. There is nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.