## Hyman *v.* Tilton, Appellant.

*Negligence—Infant—Riding on wagon—Brutality of driver—Master and servant.*

Where a boy ten years old climbs upon a moving dray and while riding thereon in a dangerous position, the driver of the dray without stopping and putting the child off, strikes at him with his whip, and the boy is knocked off by the blow, or by the lash of the whip catching in his shoe, or through fright relaxes his grip and falls off and is injured, the owner of the dray and employer of the driver is liable in damages for the injuries sustained.

Argued March 23, 1904.   Appeal, No. 293, Jan. T., 1903, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1901, No. 1085, on verdict for plaintiff in case of Julius Hyman by his mother and next friend, Rosa Hyman, v. Lewis L. Tilton.   Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant; (3) affirmance of plaintiff's third point quoted in full in the opinion of the Supreme Court.

*Alex. Simpson, Jr.,* with him *Joseph T. Foulke* and *John Weaver,* for appellant.—The allegata and probata must agree in case of tort as in other cases: Goodman v. Coal Twp., 206 Pa. 621.

The evidence did not justify a submission to the jury to decide (*a*) whether plaintiff relaxed his grip through fright and fell, or (*b*) whether plaintiff jumped from the dray: Yoders v. Amwell Twp., 172 Pa. 447.

*George P. Rich,* for appellee.—This case is ruled by Brennan v. Merchant & Co., 205 Pa. 258.

OPINION BY MR. JUSTICE DEAN, April 11, 1904 :

Julius Hyman, a boy about ten years old with a number of other boys of the same age was going from school along Race street in the direction of Third about four o'clock in the afternoon of December 13, 1900, when they attempted to get on a four wheeled truck going in the same direction. The truck was loaded, had standards at the side connected by chains and the driver sat on a high seat in front. Two of the boys got up on the truck from behind. At Third street it stopped for a passing car and then Hyman climbed up at the side between the wheels to the body of the truck and stood with one foot on an iron bar, holding on by his hands to one of the standards. He had his satchel filled with school books which he was taking home with him. As soon as the car passed the driver of the truck started up his horses at a slow trot and immediately after starting called to the boys to get off. Those on the hind end of the truck did so; Hyman, in an apparently perilous position between the wheels of the truck did not at once obey

and the driver lashed him more than once around the legs with his whip; the lash at the last stroke apparently wrapped itself around the boy's leg or caught in the laces of his shoe so that in drawing it back the boy's foot slipped from the bar or he became frightened and fell off; the wagon passed over his leg so crushing it that amputation was necessary. The plaintiff alleging negligence brought this suit for damages; there was a verdict for plaintiff and defendant appeals, assigning for error the submission under the pleadings of the evidence to the jury. Under this specification all that is worthy of notice can be discussed.

It is alleged that the allegata and probata do not agree and that the variance is so wide that under the law a verdict cannot be sustained. The second count of the declaration charges that, "The child became frightened by the action of defendant's servant and agent and was put in fear of bodily injury by reason thereof, was forced and compelled to jump and did jump from the wagon while it was in motion, and in consequence thereof was thrown and fell underneath the wheels whereby he was greatly bruised."

On the averments of this count, the court submitted the evidence to the jury, evidently relying on the late case of Brennan v. Merchant & Company, 205 Pa. 258. That case is sound law and if the facts are substantially the same, the principle there announced under this second count ought to rule this one. Justice MESTREZAT in that case says, "If it was the intention of the driver to remove or drive the boy from the wagon by striking him on the hand with his whip and thereby causing him to fall or jump from the wagon it was a grossly negligent act."

There is evidence, more than a scintilla, that the driver when the boy was in a perilous situation lashed him on the legs with the whip; the purpose palpably was to drive him from the moving truck. Whether in terror he jumped, or fell, or whether the lash had wrapped his leg and when the driver attempted to withdraw the whip the boy was pulled from his hold on the standard because in his fright he had not presence of mind to maintain it, cannot exculpate the driver from negligence in attempting by this brutal conduct, to drive a boy of this tender age from the moving truck. The negligence was by the use

of the whip destroying what little judgment a boy of even that age might have possessed, impelling him to do that by which he incurred a far greater risk than by suffering the stings of a whip lash. It is immaterial just what particular phase of the mind impelled the boy to act recklessly; the condition of his mind was caused by the threats or whip of the driver directed towards him when he was in a position of peril. This is the substance of the averment in the second count and it was for the jury to say whether the evidence proved the averments. The court's instruction in answer to plaintiff's third point meets every practical phase of the case thus :

"3. If the jury find that Julius Hyman, the plaintiff in this case, being then but ten years of age, climbed upon defendant's dray, while it was being driven along the streets of the city of Philadelphia, and was engaged in riding thereon in a dangerous position and one likely to expose him to risk of being thrown off and injured by the motion of the dray, and while the child was in this position, the driver, seeing the child on the dray, instead of stopping it and putting the child off, or allowing him to get off, without checking the speed of the horses, took his whip and struck at the child for the purpose of driving it off the dray or compelling it to get off while in motion; and if the jury further find that the child was either knocked off the wagon by the force of the blow, or the pull of the whip catching his shoe or through fright relaxed his grip of the side of the wagon and fell off and under the wheels and was injured, this is such negligence on the part of the defendant's servant as to render the defendant responsible for this suit. *Answer :* That point is true, gentlemen, and it is affirmed."

All the assignments of error are overruled and the judgment is affirmed.