# Ditchfield *v.* Philadelphia & West Chester Traction Company, Appellant.

*Street railways—Passengers—Ejection of passenger with violence.*

A street railway company permitted persons to line up along a track approaching its terminal and board cars before they reached their final stopping point. On account of the danger incident to such a proceeding special employees were placed on the rear steps of the cars to prevent persons entering until the passengers had been discharged and the cars came to a full stop. On the morning this order went into effect, the plaintiff made an attempt to board a car while it was still moving, and was struck in the chest by an employee of the company and thrown a considerable distance, sustaining serious injuries. An announcement was made by the special officers warning persons not to attempt to get on the car, but plaintiff testified that he did not hear such warning. *Held,* that the case was for the jury, and that a verdict for plaintiff should be sustained.

Argued Oct. 5, 1906. Appeal, No. 72, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1905, No. 4,243, on verdict for plaintiff in case of Samuel Y. Ditchfield v. Philadelphia & West Chester Traction Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BIDDLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Reginald H. Innes,* with him *Parker S. Williams,* for appellant.—At the time of the accident to the plaintiff he was an attempting trespasser and not entitled to any of the rights of a passenger. There was no evidence that a degree of force was used against him wrongful as against a trespasser: Pennsylvania Railroad Co. v. Price, 96 Pa. 256 ; Knox v. Phila. & Reading Ry. Co., 202 Pa. 504.

The uncontradicted evidence in the case was that the plaintiff's accident occurred while he was attempting to board a moving car of the defendant company. He was, therefore, guilty of contributory negligence : Bacon v. D., L. & W. R. R. Co., 143 Pa. 14 ; Sharrer v. Paxson et al., 171 Pa. 26 ; Boulfrois v. Traction Co., 210 Pa. 263.

*Walter Thos. Fahy*, with him *Thomas A. Fahy*, for appellee, cited : Sharrer v. Paxson, 171 Pa. 26 ; Pass. Railway Co. v. Boudrou, 92 Pa. 475.

OPINION BY ORLADY, J., February 25, 1907:

The defendant company operates a line of trolley cars between Ardmore and the city of Philadelphia, the city terminus being at Sixty-third and Market streets, where the cars are reversed and run back over the same track. Owing to the large number of persons using these cars, it frequently occurred that persons would line up along the track, and board the car coming towards the city before it would reach its final stopping point. On account of the danger incident to such a proceeding, the trolley company endeavored to prevent it, and the morning the plaintiff received his injuries, special employees of the defendant were placed on the front and rear steps of the cars to prevent persons entering until all the passengers therein had been discharged at the terminus and the cars were at a full stop. The plaintiff with others made the attempt to board a car " while it was very near to a stop, just moving." The witnesses for the plaintiff and the defendant disagreed in a radical way as to what occurred when the plaintiff attempted to get on the car, but taking the plaintiff's version of the story, which has the confirmation of the verdict to sustain it, it appears quite clear that when he grabbed the handle bar with his left hand, having his dinner box on his right arm, and was making an effort to catch the other handle bar with his right hand, he was struck in the chest by an employee of the company, and thrown a distance, varying according to the testimony, of from five to ten feet, and sustained the injuries represented by this verdict. An announcement was made by the special officers on the platforms to the persons attempting to get on the car, not to do so until it came to a full stop, though

the plaintiff declares under oath that he did not hear this announcement until after he had been forcibly pushed or knocked from the car.   It is conceded by the plaintiff, and must be so, that the defendant company had a clear legal right to police the cars so as to prevent intrusion into them while they were in motion; and to enforce this salutary rule, they were justified in using all reasonable precautions to protect the passengers on the cars, and those seeking carriage thereon, from all such unwarrantable conduct.   But it is contended, and we think with a fair show of reason, that the defendant company is nevertheless liable in damages when, as under the circumstances established in this case, it uses unnecessary violence in forcing an intended passenger from the steps after he has mounted, or was in the act of mounting thereon.   True, he had no right to get on the moving car, but the injuries sustained by him were not traceable to his getting on the moving car.   He did not trip or slip from the car as it was about stopping, but all the testimony shows that such force was exerted by the company's employee as to throw him quite a distance with great force to the ground, and without which he would have entered the car in safety.   It was purely a question for the jury in the light of all the testimony, and was fairly left to that tribunal by the trial judge as follows : " The question it seems to me is the degree of force that a man is entitled to use in putting a man off the car who has no right to be there, or who is attempting to do what is contrary to the rules of the company; but he has a right to do that, of course with discretion, and if he uses unnecessary violence in doing it, I think the company who put him there is responsible; and I think that is the question here; assuming the man had a right to do what he did, did he do it in such a way as he had no right to do ?   Did he use unnecessary violence which brought injury upon the plaintiff."   It appears that the employees of a nearby manufactory were in the habit of getting on these cars at an early hour in the morning, and that this usage had been continued for quite a while, and no objection to this unreasonable manner of getting on the cars had been made by the company, until the morning when the plaintiff received his injuries.   The case is a very close one, and we affirm the judgment solely because of the disputed testimony as to the notice given to the plaintiff, and the degree

of force used in ejecting him from the car. Even if treated as a trespasser, the company would not be justified in resorting to such a degree of force as would imperil life or limb.

The assignments of error are overruled and the judgment is affirmed.