## Dunne *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Trespassers on trains—Ejection of trespassers from moving trains—Liability of master—Evidence of employment—Case for jury.*

1. A master is responsible for the torts of his servant done in the course of his employment with a view to the furtherance of the master's business and not for a purpose personal to himself, whether the same be done negligently or wilfully, but within the scope of the agency, or in excess of the agent's authority, or contrary to the express instructions of the master.

2. In an action against a railroad company to recover damages for personal injuries it appeared that plaintiff, a boy fourteen years of age was seated on a box car while stealing a ride on defendant's freight train which was running at a speed of twenty miles an hour; that a man carrying a lantern in one hand and a stick in the other approached along the top of the next car, ordered plaintiff to get off the train and threw the stick at him; that in attempting to descend plaintiff was struck by a bridge support and knocked off, fell under the wheels, and received the injuries complained of. Defendant's conductor testified that it was part of the duty of brakemen to require trespassers to leave the train when it was at rest, and that he had given orders never to require them to leave the train when it was in motion. The trial judge submitted the

case to the jury which found a verdict for plaintiff upon which judgment was entered. *Held,* the evidence was sufficient to support a finding that the person who ordered plaintiff to leave the train was a brakeman, and that in requiring plaintiff to leave the train he was acting in the line of his employment.

Argued Feb. 9, 1915. Appeal, No. 16, Jan. T., 1915, by defendant, from judgment of C. P. Chester Co., Aug. T., 1914, No. 112, on verdict for plaintiffs in case of John W. Dunne, by his father and next friend, Patrick J. Dunne, and Patrick J. Dunne in his own right, v. Pennsylvania Railroad Company. Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, J.

The opinion of the Supreme Court states the facts.

Verdict for John W. Dunne for $3,954.16 and for Patrick J. Dunne for $795 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*A. M. Holding,* for appellant.—That the person who ordered plaintiff from the train was an employee of defendant was a mere conjecture upon plaintiff's part, unsupported by evidence: Ault v. Cowan (No. 1), 20 Pa. Superior Ct. 616; Ginn v. Penna. R. R. Co., 220 Pa. 552; Gralka v. Worth Bros. Co., 245 Pa. 467; Lotz v. Hanlon, 217 Pa. 339.

Even if the person who ordered plaintiff from the train was defendant's employee, there is nothing to show that in committing the trespass he acted in the line of his duty: Christian v. Philadelphia Transit Co., 244 Pa. 391; Illinois Central R. R. Co. v. Black, 122 Ill. App. 439; Towanda Coal Co. v. Heeman, 86 Pa. 418.

*George Demming,* with him *Granville L. Rettew,* for appellees.—Whether or not the man who ordered plaintiff from the train was defendant's employee was under the evidence for the jury and a finding in plaintiff's favor is supported by the evidence: Ahern v. Melvin, 21 Pa. Superior Ct. 462; Bowling v. Roberts, 235 Pa. 89; Booth v. Dorsey, 208 Pa. 276; McDermott v. Cons. Ice Co., 44 Pa. Superior Ct. 445; Hauer v. Erie County Electric Co., 51 Pa. Superior Ct. 613; Haring v. Connell, 244 Pa. 439.

The brakeman complained of was acting within the scope of his employment and the defendant is therefore liable for his acts: Brennan v. Merchant Co., 205 Pa. 258; Hyman v. Tilton, 208 Pa. 641; Marcus v. Gimbel Bros., 231 Pa. 200; Parker v. Matheson Motor Car Co., 241 Pa. 461; Brunner v. American Tel. & Tel. Co., 151 Pa. 447; McClung v. Dearborne, 134 Pa. 396; Moon v. Matthews, 227 Pa. 488; Toledo, Wabash & Western Ry. Co. v. Harmon, 47 Ill. 298; Guinney v. Hand, 153 Pa. 404; Simmons v. Penna. R. R. Co., 199 Pa. 232.

OPINION BY MR. JUSTICE STEWART, April 12, 1915:

John W. Dunne, the plaintiff, a boy fourteen years of age, at about eight o'clock of the evening of the 6th day of May, 1914, boarded a freight car of the defendant company while it was moving slowly through the Borough of Phœnixville. His purpose was to steal a ride to Norristown. He climbed to the top of the car he had boarded by means of the ladder at the side, and seated himself at the end of the car, with his face towards the engine and his feet in the space between the car on which he was riding and the car next in front. For security he held to the brake wheel on his left. The train was composed of some twenty-six or twenty-eight cars, mostly box cars, and the one on which plaintiff sat was far to the rear of the train. While so seated a man carrying a lantern in one hand and a stick in the other approached along the top of the car next in front, and

seeing the boy called in a loud tone to him to get off the train, and with that threw the stick at him.  The boy thereupon hastily made his way to the ladder at the side by which he had reached the top of the car, and was descending by it when he was struck by the end of an iron girder of a bridge which the train had just reached.  He was knocked from his position, fell under the wheels of the train and thus received his injuries.  At the time of the accident the train had reached a speed of about twenty miles an hour.  Such are the facts as found by the jury.  The negligence charged was the conduct of the brakeman or other employee of the defendant company in compelling plaintiff to leave the car while it was in rapid motion.  The action was by plaintiff, by his father and next friend, and by the father in his own right, and resulted in verdict for each.  Judgment n. o. v. for the defendant was refused, and judgments on the verdict were accordingly ordered.  The appeal raises two distinct questions: first, was there sufficient evidence in the case to support a finding that the person who ordered the plaintiff to leave the train and threw the stick at him was a brakeman or other employee of the defendant company? and second, if a brakeman or other employee, was there sufficient evidence to justify a finding that in requiring the boy to leave the train, he was acting in the line of his employment?  As to the first of these, a brief reference to the evidence will show that it abundantly warrants a reasonable inference favorable to the plaintiff's contention.  To that extent plaintiff was obliged to go with his proof in order to require a submission of the question, but no further.  The man in question was in a place where a brakeman in the line of his duty is often required to be.  This can be said of no other employee.  The brakeman's duty requires him to frequently pass from one car to another along the line of the train while it is in motion, and this he can do only as he walks upon the top or roof of the cars.  Presumably, from the place he occupied, this man was an em-

ployee, and a brakeman as well. There is not a sug-
gestion in the evidence that he was any other. Not only
was he in the brakeman's proper place, but he spoke as
one in authority, concerned to protect the property and
interests of the railroad company. He carried in his
hand a lighted lamp, a circumstance which to any one
at all familiar with railroad freight traffic would be
strongly corroborative of the plaintiff's statement, that
the man was a brakeman. In the absence of anything in
the evidence, even in the remotest way, indicating that he
was something else, a very safe inference would be that
he was a brakeman. The suggestion that he may have
been a trespasser like the plaintiff himself, is at best the
suggestion of a possibility too remote to entitle it to
serious thought in connection with the question we are
now considering, especially since it rests on nothing that
can be found in the evidence. The facts and circum-
stances we have indicated, not only warrant a reasonable
inference that the man was a brakeman in the employ of
the defendant company, but go far to exclude other
theory. They furnished the jury with ample warrant for
their finding. As to the second, conceding, for purpose
of this case only, that a burden rested on plaintiff to
show that the brakeman in requiring the plaintiff to
leave the car when it was in motion was acting within
the scope of his employment, this burden was fully met
if the evidence on both sides be considered. It is only
necessary to refer to the testimony of the conductor of
the freight train, a witness called by the defendant. This
witness testified that it was part of the duty of brakemen
to require trespassers to leave the train when it was at
rest, and that he had given his brakemen specific orders
never to require them to leave the train when it was in
motion. His instructions were that they should at no
time, even when the train was at rest, apply force in ex-
pelling them. Just how they were to be expelled when
they declined to go he did not explain, but he made it
clear enough that it was expected of the brakemen when

the train was at rest and trespassers were discovered, that they should warn them off. The brakeman in this case then when he told plaintiff to "get off," was right in the line of his employment, but was exceeding his authority, only, however, because at the time the train was in motion.

The general principle is that a master is responsible for the torts of his servant, done in the course of his employment with a view to the furtherance of his master's business, and not for a purpose personal to himself, whether the same be done negligently or wilfully, but within the scope of his agency, or in excess of his authority, or contrary to the express instructions of the master. This doctrine is clearly recognized in Philadelphia, Wilmington & Balto. R. R. Co. v. Brannen, 1 Sadler 369, where it is said, "It is well settled law that the master is liable for the act of his servant within the general scope of his employment, although the specific act be done at a time and in a manner contrary to an express order of the master. Third persons can see and know the general scope of the employment in which the servant is engaged, but they have no means of knowing the secret orders given him. They are, therefore, not affected by such orders." Further citation of authority is unnecessary. The assignments of error are overruled, and the judgment is affirmed.