# McCabe, Appellant, v. Kain.

*Negligence—Infants—Jumping on moving wagon—Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained by a child thirteen years of age in consequence of his having jumped or fallen from defendant's moving wagon, it appeared that he was endeavoring to steal a ride and there was evidence that the driver struck him, or struck at him, with his whip to make him get off, and that in so doing the child fell and was injured. *Held,* the question of defendant's negligence and plaintiff's contributory negligence were for the jury, and a directed verdict for defendant was reversed.

Argued May 6, 1915.   Appeal, No. 112, January T., 1915, by plaintiffs, from judgment of C. P. No. 2, Philadelphia Co., June T., 1911, No. 2645, on directed verdict for defendant in case of Walter J. McCabe, by his mother and next friend Maggie McCabe, and Maggie McCabe in her own right v. James Kain.   Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before SULZBERGER, P. J.

The opinion of the Supreme Court states the case.

The court directed a verdict for the defendant and subsequently refused a motion for a new trial.   Plaintiffs appealed.

*Errors assigned* were in giving binding instructions for the defendant and in discharging plaintiffs' rule for a new trial.

*Samuel G. Stem,* with him *John J. McDevitt, Jr.,* for appellants.

*J. A. Robbins,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 3, 1915:

In directing a verdict for the defendant the learned trial judge expressed in very vigorous terms his personal disapproval of the law which protects children under fourteen years of age from the charge of contributory negligence, to the extent of raising a presumption in their favor that because of inexperience they are incapable of appreciating danger.   No harm would have come had the learned trial judge stopped here, but the appellant complains, and we think justly, that in applying the law to the facts presented he adopted the law as he thought it ought to be, rather than the law as it is, and as a consequence that he was unjustly thrown out of

court. Plaintiff was between twelve and thirteen years of age when he sustained the injuries complained of. He had climbed upon a passing dray which was loaded with heavy barrels and driven by a servant of the defendant. He was unobserved by the driver at the time, but the latter's attention being afterward attracted to him by some occurrence, he swung his whip around at the boy, and, according to the boy's testimony, struck him with the lash. The boy then attempted to get from the wagon, and in doing so was caught by one of the rear wheels and injured. Several witnesses testified to having seen the driver use his whip at the boy, none of whom, however, saw the lash strike him. Technically the boy was a trespasser; he had gone upon the wagon uninvited. Had he been above the age of fourteen he would have been chargeable with contributory negligence in attempting to get upon a moving wagon in the manner he did; but because he was under that age the law will not impute to him an appreciation of the danger he ran in so doing, but leaves that question to be determined, not by the judge sitting in the case, but by the jury. Was it negligence on the part of the driver to use his whip in the way these witnesses say he did, under the conditions here presented, to make the boy get from the wagon? Did the boy attempt to get from the wagon in the way he did because of what the driver had done? If so, was he capable of understanding and appreciating the risk he ran in so doing? These are the questions in the case, and they were for the jury exclusively. We have considered the case solely in the light of the evidence offered by the plaintiff. The judgment is reversed and a venire de novo is awarded.