# Stidfole et al. *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Brakeman—Boy trespasser—Ejection—Case for jury.*

Where a brakeman struck at and pursued in a menacing and threatening manner a ten-year-old boy trespasser on a train, in consequence of which he fell off and was run over by one of the cars, the railroad company will not be relieved of liability on the theory that the brakeman was not acting within the scope of his authority merely because he was at the time temporarily engaged in flagging trains at a switch, which was one of his duties, where the keeping of trespassers from trains was another of his duties; and in such case, a recovery against the railroad company for the injuries so occasioned will be sustained.

Argued March 28, 1918.   Appeal, Nos. 362 and 363, Jan. T., 1917, by defendant, from judgments of C. P. No. 2, Philadelphia Co., March T., 1914, No. 2123, on verdicts for plaintiffs in case of Zortman Stidfole, by his next friend and mother, Nettie Stidfole, and Nettie Stidfole in her own right, v. Philadelphia & Reading Railway Company.   Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for presonal injuries. Before BARRATT, P. J.

From the record it appeared that the plaintiff while being pursued and struck at by defendant's brakeman, was thrown by the bumping of the car that he was on, down upon the rail, so that his left leg was run over and so injured that amputation became necessary.

The facts further appear by the opinion of the Supreme Court.

Verdict for plaintiff for $9,750.00 and judgment thereon.   Defendant appealed.

*Errors assigned* were rulings on evidence and instruc-

tions to the jury, the refusal of the court to direct a ver-
dict for defendant and to enter judgment for defendant
n. o. v.

*Wm. Clarke Mason,* for appellant.

*Francis M. McAdams,* with him *William H. Wilson,*
for appellee.

PER CURIAM, June 3, 1918:

This action was brought for the recovery of damages
for injuries sustained by Zortman Stidfole, a boy ten
years of age, in being chased or driven from a car of the
defendant company on which he was a trespasser.   The
jury found that the brakemán who chased or drove him
off had done so in a negligent manner, for which the com-
pany was responsible, and verdicts and judgments for
the boy and his mother followed.   On this appeal from
them by the railway company its main contention is
that Maurer, the brakeman, was not acting within the
scope of his employment when he drove the boy off.  This
is sufficiently and correctly answered by the following
from the charge of the learned trial judge : "Mr. Maurer
was a brakeman, temporarily engaged in one of his
duties, and that duty was flagging, nevertheless he was
still a brakeman, and while flagging he was in the service
and engaged in the business of the defendant company,
and among his duties as a brakeman was the duty of
keeping trespassers off of trains.   The mere fact, there-
fore, that he ordered this boy off this train and pursued
him, both striking and striking at him, while he was
temporarily engaged in flagging trains at this switch,
would not alter or affect the liability of his employer,
the defendant company, for his negligent act.   I in-
struct you that this is the law that you will apply in this
case, if you believe that the facts warrant its application.
In other words, if you find as a fact from the whole
evidence that the accident occurred in the way as re-

lated by the boy plaintiff, by the flagman Maurer hitting at him, calling him the opprobrious name, and pursuing him in a menacing and threatening manner after having struck him, then you would be entirely justified in concluding as a fact that the defendant company by its flagman was negligent." The case was for the jury, and the motion for judgment non obstante veredicto was properly dismissed. Nothing in the assignments of error calls for special discussion, and, as no reversible error appears in any of them, the judgment is affirmed.