## Minute *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Infant—Trespasser on cars.*

1. In an action by a boy nine years old against a railroad company to recover for personal injuries, the case is for the jury where the evidence for plaintiff tends to show that at the time of the accident, the boy crossed the railroad tracks to see his father; that in returning, he climbed on top of a car in a train, with the intention of passing over it, to reach his home; that as he reached the end of the car, a man dressed as a brakeman, with overalls, cap, carrying a brake stick and brakeman's lantern, appeared at the other end of the same car; that the car started to move with the boy on it, holding fast, when a brakeman on the same car ordered him from the train; that the brakeman threw a piece of coal at the lad, striking him on the back, and called him vile names; that the scared boy was in the act of getting

down, when the coal struck him; and that at about the same time the car gave a bump and he fell on the tracks and was injured.

2. The evidence was sufficient to sustain an affirmative finding that the man who chased the boy from the train was an employee of the defendant, and that his acts were within the scope of his employment, and the proximate cause of the accident.

3. In such a case it is not essential to a recovery that there be present elements of recklessness or gross negligence. Proof of what under ordinary circumstances might be termed "mere negligence" is enough.

*Practice, C. P.—Pleading—Variance—Appeals—Negligence.*

4. A judgment on a verdict in an accident case will not be reversed because of the admission of evidence alleged to be at variance with the averments of the statement, where no objection was made at the trial to its admission, no motion was made to strike it out, or for a nonsuit, and on the appeal, no assignment of error raised the question of variance.

Argued Jan. 9, 1919. Appeals, Nos. 15 and 16, Jan. T., 1919, by defendant, from judgments of C. P. No. 2, Phila. Co., June T., 1914, No. 2613, on verdicts for plaintiffs in case of John Minute, by his next friend and father, Albano Minute, and Albano Minute, in his own right, v. Philadelphia & Reading Railway Company. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Affirmed.

Trespass by a boy nine years old and his father to recover damages for personal injuries. Before Wessel, J.

Verdict and judgment for John Minute for $7,500, and for Albano Minute for $2,500. Defendant appealed.

*Errors assigned* were in overruling defendant's motion for judgments n. o. v.

*Wm. Clarke Mason,* for appellant.—Plaintiffs failed to prove sufficient facts to show the identity of the person alleged to have committed the acts complained of as a brakeman in the employ of the defendant company:

Dunne v. Penna. R. R. Co., 249 Pa. 76; Stidfole v. Phila. & Reading Ry. Co., 261 Pa. 445.

The evidence produced by the plaintiffs shows that the proximate cause of the injuries complained of was the jolt of the train necessarily incident to its proper operation at a time when John Minute was a trespasser, and therefore there is nò basis for a recovery under the law: Cover v. Conestoga Traction Co., 246 Pa. 423; Willis v. Armstrong County, 183 Pa. 184; Thubron v. Dravo Contracting Co., 238 Pa. 443.

The plaintiffs failed to prove a wilful and intentional act likely to cause injury to the infant plaintiff while in a position of obvious danger. Enright v. Pittsburgh Junction R. R. Co., 198 Pa. 166; McGinnis v. Peoples Bros., 249 Pa. 335.

*Francis M. McAdams,* with him *William H. Wilson,* for appellee, cited: Enright v. Pittsburgh Junction R. R. Co., 198 Pa. 166; Enright v. Pittsburgh Junction R. R. Co., 204 Pa. 543; Pollack v. Penna. R. R. Co., 210 Pa. 631; Stephanik v. B. & O. R. R. Co., 243 Pa. 43; Dunne v. Penna. R. R. Co., 249 Pa. 76; Stidfole v. P. & R. Ry. Co., 261 Pa. 445.

OPINION BY MR. JUSTICE KEPHART, March 10, 1919:

This action is the outcome of an injury inflicted by the appellant upon John Minute, a boy nine years of age. The boy crossed the railroad tracks to see his father and, in returning, he climbed on top of a car in a train, with the intention of passing over it and continuing to his home. Just as he reached the end sill of the car, a man dressed as brakemen are usually dressed, with overalls, cap, carrying a brake stick and brakeman's lantern, appeared at the other end of the same car. The jury, from the evidence, could have found that the car started to move with the boy on it, holding fast, when a brakeman on the same car ordered him from the train. The brakeman threw a piece of coal at the lad, striking him on the

back, calling him vile names. The scared boy was in the act of getting down when the coal struck him. About the same time, the car gave a bump and he fell on the tracks, receiving the injuries complained of.

It is urged by appellant that there is a variance between the allegata and probata, the statement nowhere averring the boy had been bumped from the train; further that, if he was injured by being jolted from the car, it was not occasioned by the act of the brakeman, but by the lawful movement of the train, and, under such circumstances, defendant would not be liable.

The several acts narrated by the boy were so close together that it is impossible to determine how much each contributed to his injury. The boy was scared and frightened by the actions of the brakeman, but whether he was injured by reason of such conduct, or the sudden bump of the car, is not material. It was the duty of the appellant, when its employee observed a child in the position this lad occupied, not to start the train until he had alighted therefrom: Petrowski v. Phila. & R. Ry. Co., 263 Pa. 531; Pollack v. Penna. Railroad Co., 210 Pa. 631-633; Trevethan v. Phila. & R. Ry. Co., 244 Pa. 414; Di Meglio v. Phila. & R. Ry. Co., 249 Pa. 319-324; and it was the further duty of the company and its employees not to frighten or force the child to alight when the train was moving or about to start. The brakeman could easily have signalled the train to stop, and, when stopped, the boy could have been put off the car. The brakeman knew the train was about to proceed. However, it was for the jury to determine just how the accident took place. The boy stated the train was in motion when he was frightened off the car and struck with the piece of coal. If the "bump" of the train was in part responsible for the boy's injury, the inducing cause was the conduct of the brakeman. The court below in its charge said: "If you believe that John Minute was injured solely as a result of the motion of the cars of the train following the 'bump' of the coupling, and that he

was not forced from the train by any employee of the railroad company, then such conclusion would require you to find a verdict for the defendant." This instruction was more favorable than the appellant was entitled to receive. Further, appellant cannot now complain of a variance. No objection was made to this evidence, no motion was made to strike it out, or for a nonsuit. No assignment of error raises the question of variance. It will not be considered on an assignment complaining of a refusal to sustain a point for binding direction or to grant judgment n. o. v.: Indian v. Delaware, L. & W. R. R. Co., 262 Pa. 117; Shaffer v. Bahr, 57 Pa. Superior Ct. 48-53.

The evidence that the man who chased the boy from the train was an employee of the defendant engaged in the discharge of his duty was sufficient to sustain an affirmative finding by the jury on that question. He was doing an act ordinarily done by those forming part of the train crew, policing the train, and while so acting was doing what the rules of the company required him to do. His acts were within the scope of his employment: Petrowski v. P. & R. Ry. Co., supra.

The court below charged that before the plaintiff could recover the jury must be fairly and reasonably satisfied that the employee wilfully and with gross negligence caused the boy's injury under circumstances of manifest and imminent danger to him; and, while it was not necessary for the plaintiff to show wilfulness and gross negligence, the evidence warranted a favorable finding for the plaintiff on this instruction. The appellee, however, has good cause to complain of this portion of the charge. It placed on his client a burden not in accordance with the law as determined by this court. It is not essential to recovery in a case of this character that there be present elements of recklessness or gross negligence—proof of what under ordinary circumstances might be termed

"mere negligence" is enough: Petrowski v. Phila. & R. Ry. Co., and cases cited.

The judgment of the court below is affirmed at the cost of the appellant.