# Lafferty et al., Appellants, *v.* Armour & Co.

*Negligence—Infants—Driving boy from wagon—Wanton act of driver—Case for jury—Nonsuit.*

1. Where a boy, six and one-half years old, climbs upon a wagon by permission of the driver, and, while riding thereon, the driver, without stopping and putting the child off, strikes at him with a whip, and the boy in his fright and haste jumps off the wagon and is injured, the owner of the wagon and employer of the driver is liable in damages for the injuries sustained.

2. In such case it is the driver's wanton act, and not the fact that the boy got on the wagon with the driver's permission, that is the determining factor as to the owner's liability.

3. Hughes v. Murdock Storage & Transfer Co., 269 Pa. 222, distinguished.

Argued January 6, 1922.   Appeals, Nos. 76 and 77, Jan. T., 1922, by plaintiffs, from order of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4622, refusing to take off nonsuit, in case of Louis Lafferty, Jr., by his father and next friend, Louis Lafferty, Sr., and Louis Lafferty, Sr., in his own right, v. Armour & Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Trespass for personal injuries.   Before FINLETTER, J. The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit which it refused to take off.   Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit, quoting record.

*Daniel G. Murphy,* of *Murphy & Levy,* for appellants. —The case was for the jury: Holzheimer v. Lit Bros., 262 Pa. 150; Guinney v. Hand, 153 Pa. 404; Parker v. Matheson Motor Co., 241 Pa. 461; Petrowski v. Ry., 263 Pa. 531; Minute v. Ry., 264 Pa. 93; Brennan v. Merchant & Co., 205 Pa. 258.

*W. W. Porter,* of *Porter, Foulkrod & McCullagh,* for appellee.—The case is ruled by Hughes v. Murdock S. & T. Co., 269 Pa. 222.

OPINION BY MR. JUSTICE SCHAFFER, February 6, 1922:

The court below entered a compulsory nonsuit; from the refusal to take it off, plaintiffs appeal.

The circumstances out of which the action grew are these: A two-horse wagon belonging to defendant, was being driven by one of its employees, on its business, along a street in Philadelphia.   A number of boys were playing in the highway, among them, the minor plaintiff, six and a half years old.   As the driver approached, one of the boys hailed him with a request for a ride;

the team slowed up, the boys got in the wagon, and were permitted, by the driver, to ride for three blocks, when he turned, swung his whip, and with an oath ordered them off. The whip struck the minor plaintiff on the head, and, in his fright and haste in jumping off the wagon, his foot caught in a chain, hanging from the tailboard, he was dragged a considerable distance and seriously injured.

The trial judge entered a compulsory nonsuit, which the court in banc declined to take off, holding the case of Hughes v. Murdock Storage & Transfer Co., 269 Pa. 222, prevents recovery. We do not regard the decision in that case as controlling here. Hughes was fourteen years of age at the time he was injured, this plaintiff but six and a half years old. In both cases, the driver permitted the injured boy to ride on the vehicle; in the one relied on, there was no wanton or wilful act on the driver's part, whereas, in the one we are considering, there was a most wanton and cruel act by the employee in charge of the wagon. In the case cited, it was said by Mr. Justice KEPHART: "The master, short of wantonness, did not owe him the duty of safe carriage or to see that he safely alighted." It is this distinction, that there was wantonness on the driver's part, in the present case, which takes it out of the control of the Hughes decision. The difference between the two cases is made clear by this further expression in that opinion: "The master was under no duty to take care of the boy by keeping him off the truck, nor liability for injuries resulting from his voluntarily leaving it." Here, the boy did not voluntarily leave the wagon, but was driven from it by the assault of the driver. In policing his wagon, the driver was performing a duty for the master. However the plaintiff came to get on the wagon, whether by the driver's permission or as a trespasser, once on, if the driver, recognizing the duty to his employer not to permit the boy to continue in the wagon, had given him opportunity to alight, and in so doing, without any wanton

act on the driver's part, the boy had been injured, the Hughes case would be a controlling authority against recovery from the owner of the vehicle, but where, as here, the order to leave the wagon was accompanied by such an act as lashing the boy with a whip, the master, who by entrusting the wagon to the servant, gave him authority over persons riding upon it, must respond for the result of his wanton act. This case is ruled not by Hughes v. Murdock, but by Hyman v. Tilton, 208 Pa. 641, in which it was held that where a boy of tender years climbs upon a moving dray, and while riding thereon, the driver, without stopping and putting the child off, strikes at him with a whip, and the boy is either knocked off by the blow, or through fright falls off and is injured, the owner of the dray is liable in damages for the injuries sustained.

If the plaintiff had attempted to alight from the wagon and been injured, without any wanton act on the driver's part, the defendant would not have been responsible. It is the driver's inconsiderate act in putting him off, not the fact that he got on the wagon with the driver's permission, which is the determining factor as to defendant's responsibility for the injuries the boy sustained.

The judgment is reversed with a new venire.