## Weiermuller *v.* American Ice Company, a Corporation, Appellant.

*Negligence—Ice wagons—Child riding on—Method of ejectment from—Case for jury—Evidence—Sufficiency.*

In an action of trespass to recover damages for injury to a minor child it appeared that the latter was riding on the rear step of an ice wagon with another boy. The driver of the wagon, knowing that the plaintiff was there, called for them to get off, lashing the sides

of his vehicle with his whip, which so frightened the minor plaintiff that he jumped off, fell upon the street and was run over by a motor truck, which was following the wagon at a distance of about ten feet. In such circumstances the case was for the jury and a verdict for plaintiff will be sustained.

Under the conditions thus disclosed the driver had the right to expel the boys from the wagon, but in so doing he was required to use the care that a reasonably prudent man would have exercised. His failure to exercise this precaution in removing the child would constitute negligence for which the employer would be liable, and this question was properly submitted to a jury.

Argued October 8, 1926. Appeals Nos. 61 and 62, October T., 1926, by defendant, from judgment of C. P. No. 2, Philadelphia County, September T., 1923, No. 488, in the case of Eugene Weiermuller, a minor, by his father and next friend, George H. Weiermuller, and George H. Weiermuller in his own right v. American Ice Company. Before PORTER, P. J. HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for damages for personal injuries to minor child. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

The jury rendered a verdict in favor of the plaintiff, Eugene Weiermuller in the sum of $2,000 and for the plaintiff, George H. Weiermuller in the sum of $1,500, and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Frank R. Savidge*, for appellant, cited: Hughes v. Murdoch Storage & Transfer Co., 269 Pa. 222; Lafferty et al. v. Armour & Co., 272 Pa. 588; DiMeglio v. Philadelphia & Reading Railway Co., 249 Pa. 319; McGinnis v. Peoples Bros., 249 Pa. 335; Brennan v. Merchant & Co., 205 Pa. 258; Barre v. Reading City Passenger Railway, 155 Pa. 170.

*Robert M. Bernstein,* for appellee, cited: Uhler v. Jones, 78 Pa. Superior Ct., 315; Keidel v. B. & O. Railroad, 281 Pa. 289; Thatcher v. Pierce, 281 Pa. 16; Kent v. General Chemical Company, 285 Pa. 34.

OPINION BY PORTER, P. J., December 10, 1926:

These appeals are from judgments in favor of the plaintiffs in an action to recover for injuries to the minor plaintiff, a boy seven years of age, alleged to have resulted from the negligence of the driver of defendant's wagon in so frightening the boy that he fell from the wagon directly in the path of a truck which was closely following and was seriously injured. The verdicts were in favor of the plaintiffs and the only alleged error properly assigned is to the refusal of the court to give binding instructions in favor of the defendant.

The trial judge submitted the disputed questions of fact to the jury in a charge which was so favorable to the defendant that no exception thereto was taken. The only error assigned being the refusal of the court to give binding instructions in favor of the defendant the testimony must not only be read in the light most advantageous to the plaintiffs, all conflicts therein being resolved in their favor, but they must be given the benefit of every fact and inference of fact, pertaining to the issues involved, which may reasonably be deduced from the evidence: Uhler v. Jones, 78 Pa. Superior Ct. 313; Mountain v. American Window Glass Co., 263 Pa. 181. No matter how strong the oral evidence produced by the defendant, exculpating it from liability, since its weight depends upon the credibility of the witnesses it must be submitted to the jury: Shaughnessy v. Director General of Railroads, 274 Pa. 413; Kent, Admr. v. General Chemical Co., 285 Pa. 34. Applying these principles in the present case, the evidence would have warranted a finding that a horse drawn ice wagon, driven by an employe of the

defendant in the course of its business, was proceeding at a rapid rate along a highway upon which there was considerable traffic. The minor plaintiff and another boy, each about seven years of age, had climbed upon the step at the rear of the vehicle and the driver, knowing that the boys were there, called to them saying, "Get the hell off" and lashed the sides of the vehicle with his whip, which so frightened the boys that they jumped off, but the minor plaintiff in jumping fell upon the street and was run over by a motor truck, which was following the wagon at a distance of about ten feet, and was seriously injured. In the circumstances thus disclosed the driver had the right to expel the boys from the wagon, but in exercising the right to remove them he was required to use the care that a reasonably prudent man would exercise in the circumstances. "His failure to observe such precaution in removing the child from the wagon would convict him of negligence for which his employer would be liable. The tender years of the child relieve him from any charge of negligence in entering upon the wagon": Brennan v. Merchant & Co., Inc., 205 Pa. 258; McGinnis v. Peoples Bros., 249 Pa. 335; Petrowski v. Phila. & R. Ry. Co., 263 Pa. 531; Minute v. Phila. & R. Ry. Co., 264 Pa. 93. The court did not err in refusing to give binding instructions in favor of the defendant and the assignment of error is overruled.

The judgments are affirmed.