Misorski et al. *v.* Pennsylvania Railroad Company, Appellant.

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*E. V. Buckley,* of *Mercer & Buckley,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, November 22, 1943:

This is the familiar case of a boy stealing a ride on a freight train and claiming that while he was clinging to one of the cars a trainman shouted and threw a lump of coal at him, causing him to become frightened and fall off. The jury found a verdict in favor of defendant, but the court in banc granted a new trial on the ground that the trial judge had erred in his charge to the jury. Defendant appeals.

The trial judge instructed the jury that since the boy was a trespasser there could be no recovery unless they found that defendant was guilty of a wilful or wanton infliction of injury. He added, however, that the age of the boy, 13½ years, was an important factor, that if he had been 14 or over the court would have been compelled to take the case from the jury, that they would have to decide whether the boy was of sufficient understanding and maturity of judgment to have known that his act in climbing on the train was negligent and to have appreciated the danger, and that, if they so found, he was guilty of contributory negligence and could not recover from the railroad company no matter what the conduct of its employes may have been.

The court in banc, in an opinion written by the trial judge himself, concluded it was error to have charged that the boy's contributory negligence would bar his re-

covery even if defendant's employes were guilty of wilful or reckless disregard for his safety.

Not only must the order be affirmed, but if the court below had not granted a new trial this court would have been obliged to do so in view of the decision in *Kasanovich v. George et al., Trustees,* 348 Pa. 199, 34 A. 2d 523, that contributory negligence is not a defense to an action for an injury wilfully inflicted or caused by reckless or wanton misconduct on the part of the tortfeasor. If plaintiffs' testimony is to be believed defendant's employe was guilty of an assault, which, being a wilful or intentional tort, is not subject to the defense of contributory negligence, nor was such defense admissible, notwithstanding the boy was a trespasser, if defendant, with knowledge of his perilous position, was guilty of wanton misconduct in injuring him. In the course of the years there has been an astonishing number of appeals to this court in cases similar to the present,[1] and in none of them, with the exception of an erroneous dic-

---

[1] *Towanda Coal Co. v. Heeman,* 86 Pa. 418; *Pennsylvania Co. v. Toomey,* 91 Pa. 256; *Biddle v. Hestonville, Mantua & Fairmount Passenger R. R. Co.,* 112 Pa. 551, 4 A. 485, 24 W. N. C. 156; *Barre v. Reading City Passenger Rwy.,* 155 Pa. 170, 26 A. 99; *Enright v. Pittsburg Junction R. R. Co.,* 198 Pa. 166, 47 A. 938; *Brennan v. Merchant & Co.,* 205 Pa. 258, 54 A. 891; *Hyman v. Tilton,* 208 Pa. 641, 57 A. 1124; *Pollack v. Pennsylvania R. R. Co.,* 210 Pa. 631, 60 A. 311; *Saxton v. Pittsburg Rwys. Co.,* 219 Pa. 492, 68 A. 1022; *Stephanik v. Baltimore & Ohio R. R. Co.,* 243 Pa. 43, 89 A. 827; *Trevethan v. Philadelphia & Reading Ry. Co.,* 244 Pa. 414, 90 A. 796; *Dunne v. Pennsylvania R. R. Co.,* 249 Pa. 76, 94 A. 479; *McCabe v. Kain,* 250 Pa. 444, 95 A. 574; *Stidfole v. Philadelphia & Reading Ry. Co.,* 261 Pa. 445, 104 A. 668; *Petrowski v. Philadelphia & Reading Ry. Co.,* 263 Pa. 531, 107 A. 381; *Minute v. Philadelphia & Reading Ry. Co.,* 264 Pa. 93, 107 A. 662; *Lafferty v. Armour & Co.,* 272 Pa. 588, 116 A. 515; *Hojecki v. Philadelphia & Reading Ry. Co.,* 283 Pa. 444, 129 A. 327; *Osalek v. Baltimore & Ohio R. R. Co.,* 295 Pa. 553, 145 A. 582; *Carpinelli v. Reading Co.,* 306 Pa. 80, 158 A. 867; *Ditchfield v. Philadelphia & West Chester Traction Co.,* 32 Pa. Superior Ct. 531; *Weiermuller v. American Ice Co.,* 89 Pa. Superior Ct. 278.

tum in one,[2] has it ever been suggested, much less held, that recovery should not be allowed because the injured person was guilty of contributory negligence in climbing on the train or other vehicle, although in some of those cases the trespasser was of the age of 14 years or more [3] and in others even an adult.[4]

The order of the court below granting a new trial is affirmed.

---

[2] *McCabe v. Kain*, 250 Pa. 444, 95 A. 574.

[3] *Dunne v. Pennsylvania Railroad Co.*, 249 Pa. 76, 94 A. 479; *Carpinelli v. Reading Company*, 306 Pa. 80, 158 A. 867.

[4] *Pennsylvania Co. v. Toomey*, 91 Pa. 256; *Ditchfield v. Philadelphia & West Chester Traction Co.*, 32 Pa. Superior Ct. 531.