# Oberndorf *v.* Philadelphia & Reading Railway Company, Appellant.

*Negligence — Railroads — Passenger — Station — Passenger struck by destination sign—Uniformed employee.*

1. In an action against a railroad company to recover damages for personal injuries, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained, where the evidence shows that the plaintiff, an intending passenger, was required to walk along a narrow platform to reach the ticket office; that while so doing he was struck over the eye by a metal destination train sign which a man in uniform had taken down from a rod where it had been swinging, and without looking to see if anyone was approaching, and without any necessity for so doing, swung it so far over his shoulder that it struck the plaintiff.

2. In such a case, as the railroad company made the putting up and taking down these signs a part of its business, the inference arose that the man who took down the sign, was an employee of the company.

Argued Oct. 11, 1912. Appeal, No. 14, Oct. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1906, No. 1,130, on verdict for plaintiff in case of Joseph Oberndorf v. Philadelphia & Reading Railway Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Wm. Clarke Mason,* for appellant.—There is no proof that the man or boy whose alleged negligence caused the injury was an employee of the defendant: Bernhardt v. R. R. Co., 159 Pa. 360; Green v. R. R. Co., 214 Pa. 240; Ginn v. R. R. Co., 220 Pa. 552; Hayman v. R. R. Co., 118 Pa. 508; Lotz v. Hanlon, 217 Pa. 339.

The testimony fails to prove that the injury was caused by any negligence, but on the contrary shows that it was the result of an unavoidable accident: Vincent v. Stinehour, 7 Vt. 62; Sutton v. Bonnett, 114 Ind. 243 (16 N. E. Repr. 183); Stark v. Brewing Co., 124 N. W. Repr. 491; McKenzie v. Coal Co., 89 N. Y. App. Div. 415 (85 N. Y. Supp. 819); Consumers' Brewing Co. v. Doyle, 102 Va. 399 (46 S. E. Repr. 390); Hunter v. Bridge Co., 85 Fed. Repr. 379; Thyssen v. Ice, etc., Co., 134 Iowa, 749 (112 N. W. Repr. 177); Hannigan v. Navigation Co., 23 W. N. C. 576; Wall v. Lit, 195 Pa. 375; White v. Roydhouse, 211 Pa. 13; Brown v. Kendall, 60 Mass. 292; Nitro-Glycerine Case, 82 U. S. 524.

*Thomas Boylan,* with him *John T. Murphy,* for appellee, cited as to the identity of the man in uniform: Hershinger v. R. R. Co., 25 Pa. Superior Ct. 147; McCoun v. R. R. Co., 66 Barb. 339; Edgeworth v. Wood, 58 N. J. Law, 463 (33 Atl. Repr. 940); Elze v. Baumann, 21 N. Y. Supp. 782; Seaman v. Koehler, 122 N. Y. 646 (25 N. E. Repr. 353).

OPINION BY PORTER, J., February 27, 1913:

The plaintiff, intending to become a passenger upon one of the trains of the defendant company was upon the station premises at Columbia avenue. He was walking along a narrow platform which had been provided by the

defendant company for access to its trains and ticket office; from this platform three steps led up to a higher platform on the level of the ticket office. Upon this higher platform the company maintained a box in which were kept metal signs having on them the names and destination of trains arriving and departing from the station. These signs were from time to time taken from the box and hung upon a rod which projected from the building, and after the train, of the approach of which they were intended to give notice, had departed, they were taken from the rod and replaced in the box. The plaintiff was walking along the lower narrow platform intending to ascend the steps and go into the ticket office and buy a ticket; when he had reached a point near where one of the metal signs was hanging upon the rod, a man in uniform, with his back towards the plaintiff, took down the metal sign from the rod and in doing so swung it so far over his shoulder that the sign struck and cut the face of the plaintiff then walking upon the platform below. The plaintiff brought this action of trespass to recover for the injury thus sustained and having recovered in the court below, the defendant appeals. The only assignments of error refer to the refusal of binding instructions and the overruling of the motion for judgment in favor of the defendant, non obstante veredicto.

The learned counsel for the appellant contends that there was no sufficient evidence to warrant a judgment in favor of the plaintiff, for two reasons. 1. That there was no proof that the person whose alleged negligence caused the injury was an employee of the defendant. 2. That the testimony fails to prove that the injury was caused by any negligence, but, on the contrary, shows that it was the result of an unavoidable accident.

The company having, for the purposes of its business, and to inform its patrons as to the time of departure and destination of trains, adopted the device of hanging these metal signs upon a rod and removing the signs after the trains had departed, the putting up and taking down of

these signs was a part of the business of the company. This corporation must act through employees, and it is reasonable to assume that, when it undertook this method of announcing the time of departure of trains it employed some person to do that work. The signs were put up, exhibited and taken down upon the station premises, in a public place. Considering the extreme improbability that any mere intruder would, under the eyes of those in charge of the station premises, undertake to remove these signs, we are of opinion that the evidence in this case, that the sign was taken down by a man in uniform, was such as to warrant the inference that that man was an employee of the defendant company. There is a wide difference between a railroad station and an automobile or a carriage, the latter may be taken away and used recklessly without the knowledge or consent of the owner, but a railroad station is a fixture and is subject to the constant inspection and supervision of those responsible for its management. This defendant had made the putting up and taking down of these signs a part of its business, and, in the absence of evidence to the contrary, the inference would arise that the man who took down the sign was an employee of the company.

Mature consideration of the evidence has led us to the conclusion that the question of the negligence of the man who took down the metal sign was for the jury. He took down the sign with his back toward the narrow lower platform, upon which intending passengers were compelled to approach the ticket office. The evidence indicates that he made no effort to ascertain whether any person was approaching. There was nothing in the evidence to indicate that there was any necessity for his swinging the sign in the manner in which he did; if there had been any necessity for his so swinging it, then he ought to have looked to see whether any person was approaching before attempting to take it down. The plaintiff testified as follows: "They lift those signs down, but he gave it a swing, and it went over his shoulder."

The evidence warranted a finding that the agent of the defendant negligently swung the sign so far out that it necessarily involved danger to any person moving along the lower platform.

The judgment is affirmed.