## Ortlieb, Appellant, *v.* Poth.

*Negligence — Automobiles — Truck carrying employees — Employee of independent contractor—Trespasser—Judgment for defendant n. o. v.*

In an action against a brewing company to recover damages for personal injuries sustained by plaintiff, a machinist in the employ of an independent contractor engaged in making repairs at defendant's brewery, the court properly entered judgment for defendant n. o. v. where it appeared that during a street car strike the employees of the defendant were given the use of defendant's auto truck for the purpose of conveying them to and from their work; that plaintiff, according to his testimony, was given permission by the chief engineer of the plant to ride home on the truck with defendant's employees; that the chief engineer had no authority over the automobiles or wagons used by the brewery; that plaintiff attempted to board the rear of the truck while two or three feet from the wall of the building and while attempting to do so was crushed by the truck suddenly backing against the wall, where there was no evidence that at the time the truck moved any person touched any of the levers or other apparatus for starting the truck, although after it stopped a person on the front seat was seen with his hand on the lever, but such person was not the employee appointed to operate the truck, and it further

appeared that there was no defect in the truck or in the apparatus by which its movements were controlled.

Argued March 31, 1915. Appeal, No. 473, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1910, No. 2166, entered for defendant non obstante veredicto in case of George Ortlieb v. F. A. Poth & Sons, Incorporated. Before MESTREZAT, POTTER, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass for personal injuries.

The facts appear in the following opinion by FERGUSON, J., sur defendant's motion for judgment n. o. v.:

On March 3, 1910, and for some time prior thereto, the plaintiff, who was a machinist, was in the employ of the Hub Machine and Tool Company, which company had certain contracts for the repair of machinery at the brewery of F. A. Poth & Sons, Incorporated, the defendant. For about two weeks the plaintiff had been working at defendant's brewery on a mash tub which required some overhauling. The work was done under a contract between the Hub Machine and Tool Company and defendant. A few days before March 3d a strike began among the employees of the Philadelphia Rapid Transit Company, resulting in unsatisfactory car service. A committee from the employees of the Poth Company was appointed to wait upon the management and solicit the use of an auto truck for the purpose of conveying the workmen to and from their work. After inquiry was made as to the number of men living at a distance from the brewery, instructions were given to the chief electrician to use an auto truck for the purpose suggested, under the charge of a licensed operator named Strickler. For several days this truck ran east on Girard avenue as far as Second street and back again to the brewery, and the employees who lived in the part

of the city traversed by the truck, boarded it and alighted from it at the streets most convenient to their home.

The plaintiff testified that one McGarvey, described by him as the master mechanic but who was the chief engineer of the plant, told him to ride upon the truck in going to his home. McGarvey had charge of the machinery of the plant. He had nothing to do with the delivery of the product of the brewery, or the automobiles or wagons used for that purpose. The mash tub on which plaintiff was engaged in his work of overhauling was used in the manufacture of the product of the brewery, and was under the general supervision of McGarvey.

The plaintiff in going to and from his home used the truck on March 1st and 2d, and on March 3d, about 5 o'clock in the afternoon, the truck, which had been out all day making deliveries was brought into the yard and stood near a wall in which there was a switch panel by means of which a plug attached to a cord could be inserted into a receptacle under the truck to carry electric current from the generators when the batteries on the truck were required to be recharged. The tail gate of the truck was two or three feet from the wall. A number of the employees, and one or two others not employed by the defendant company, were on the truck, and a man employed in the harness shop was seated on the front seat. The plaintiff approached the rear of the truck and attempted to board it, when suddenly the truck ran back, crushing him against the wall, and then forward and back again and then stopped. As a consequence the plaintiff sustained very serious injuries. There was no evidence that at the time the truck moved any person touched any of the levers or other apparatus for starting the truck but after it finally stopped moving, the harnessmaker on the front seat was seen with his hand on the lever. There was no defect in the truck or in the apparatus by which its movements were con-

trolled. The harnessmaker who sat on the front seat was not the employee appointed to operate the truck.

Suit was brought by the plaintiff against the defendant company for damages. It was alleged in the statement of claim that he, with other persons engaged in working in and about the place of business of the defendant, was directed by the authorized officers to use the truck, and in part consideration for his services, the defendant agreed to transport him daily to and from his home; that it was the duty of the defendant to maintain the truck in good order and condition and to furnish competent and efficient servants to operate it; and that the defendant company so negligently maintained the truck, and, by its servants, so negligently operated it, that the plaintiff was injured.

The case was tried before a jury and a verdict was rendered for the plaintiff, and the defendant has made a motion for judgment for defendant non obstante veredicto.

There is no evidence in the record that would sustain a verdict. The plaintiff was not employed by defendant but was employed by independent contractors. His wages were paid by his own employers, and there was no relationship between him and the defendant, except that for the time being his employer's business took him to the defendant's plant. Assuming it to be true, as the plaintiff testified, that McGarvey instructed him to ride home on the truck (although McGarvey contradicted it), no authority in McGarvey to accord the privilege was shown. He was the chief engineer and in charge of the manufacturing department. His duties did not extend to the control of the trucks used for delivery purposes. His permission was of no more value than that of a bystander. The truck was temporarily in use to transport the employees of the brewery to their homes. The application for its use was made by an employee on behalf of his coemployees. That other persons not employees might take advantage of excess room in the

truck did not impose upon the defendant a duty to employ inspectors to note the persons who might attempt to ride. To hold otherwise would require an employer to care for the safety of any friend or chance acquaintance the driver of his wagon might invite to ride with him.

The evidence totally fails to sustain the allegation of the statement of claim that the officers of the defendant company directed their employees and other persons working in and about their place of business to use the truck. There was no direction to anyone except the direction alleged to have been given to the plaintiff by McGarvey. The employees were at liberty to go home any way they desired, but, at their request, they were permitted to use the truck. So far as the plaintiff is concerned, he was directed, if at all, by a man who had no authority over him or the truck, and as McGarvey had no right to dictate how the plaintiff should go home his so-called direction cannot be regarded other than an invitation. At best the plaintiff was a mere licensee. The privilege to ride was no part of the consideration for the plaintiff's services, and defendant did not agree to transport him daily to and from his home, as averred in the statement. The defendant had nothing whatever to do with payment for the plaintiff's services. It owed him nothing, and his time was a matter altogether under the direction and control of his employers. There is not a word of evidence to show any connection between the privilege to ride on the truck and the contract for repairs with the plaintiff's employers.

Had the man McGarvey authority to extend an invitation the plaintiff would have been a guest or a licensee. As McGarvey's authority was not shown, he was a mere trespasser. It is impossible to regard the defendant as a carrier for hire, for it received no hire from anyone, certainly none from the plaintiff. As a licensee or trespasser the defendant owed the plaintiff no duty. The owner of property is not liable to a trespasser or to one

who is on it by mere permission or sufferance, except for consequences of wanton or intentional acts.   Gillis v. Penna. R. R. Co., 59 Pa. 129; Schiffer v. Sauer Co., 238 Pa. 550; Urban v. Focht, 231 Pa. 623, are sufficient to show the principles which govern the facts in the case at bar, and they are in harmony with the decisions in other jurisdictions.

The plaintiff relies on Wallace v. Keystone Automobile Company, 239 Pa. 110, but the distinction between that case and the one at bar is a wide one.   In that case the defendant was a carrier for hire.   No such relation was disclosed in the case at bar.

Verdict for plaintiff for $17,500.   The court entered judgment for defendant non obstante veredicto.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

*John P. Connelly,* for appellant.

*Theodore F. Jenkins,* with him *Alfred D. Wiler,* for appellee.

Per Curiam, April 19, 1915:

The facts are fully stated in the opinion of Judge Ferguson in entering judgment for the defendant n. o. v., and the judgment is affirmed on his opinion.