# Petrowski et al., Appellants, *v.* Philadelphia & Reading Railway Co.

*Negligence—Railroads—Infant trespasser—Putting off train—Brakeman—Privately imparted orders—Wilful or "wanton" conduct.*

1. When in a given case it is shown that a man, costumed in the garb usually worn by a brakeman, and carrying a red flag or other implement with which such trainmen are generally equipped, was seen performing police duty upon a train, this in the absence of controlling evidence to the contrary is sufficient to sustain a finding that such man was, in fact, an employee of the railroad company operating the train, engaged in guarding its property.

2. When an act of such an employee is under investigation, which if properly done, would be consistent with the performance of the duty of guarding the property, it may be inferred, in the absence of evidence to the contrary, that the act was done and performed in the course of his employment.

3. Privately imparted orders to brakemen that they shall perform their duties in a specified manner, differing from the way in which a particular brakeman acted at the time of an accident, will not serve to make the latter's act any less one done in furtherance of the employer's business, if such act apparently falls within the general scope of the servant's employment.

4. While trainmen are not required to search out and care for infant trespassers, yet, when a child of tender years is observed upon a railroad car, it is the duty of those in charge to see to it that they do not start the train until the infant trespasser has alighted therefrom; or, if the train is actually in motion when such infant is first observed, then the duty is not to commit any overt act which is likely to cause him injury; and if this duty is breached, it is not essential to recovery that there be present any element of recklessness or grossness.

5. Where one, knowing that a child of tender years is trespassing upon a vehicle under his care, negligently acts in such a manner as to injure the trespasser, the conduct of the transgressor is viewed in law as "intentional," or wilful, and "wanton."

6. Where a child twelve years old is injured, through being forced or scared from a moving train by a brakeman, a judgment on a verdict for the railroad company will be reversed where it appears that the trial judge, against the objection of plaintiff, allowed the introduction of evidence by defendant that its brakemen were directed, when they saw train riders, to notify the conductors, whose duty it was to wire ahead to the next station for an officer to take off such trespassers, and the judge, apparently on this testimony, instructed the jurors that, unless they could find from the evidence "it was within the scope of such brakeman's employment and duty to eject a trespasser, then there may be no recovery," for "such brakeman would not be acting in the scope of his authority."

7. It is also error in such a case to charge that before plaintiff could recover he must satisfy the jury that "defendant's employee wilfully and with gross negligence caused the boy's injuries by recklessly driving him from the train." The test in such a case is neither reckless conduct nor gross negligence, but lack of due care under the circumstances.

*Practice, Supreme Court—Common pleas—New trial—Weight of evidence.*

8. On the review of a jury trial the Supreme Court will not pass upon the honesty of plaintiff's evidence; that is for the court below by granting a new trial if convinced that the weight of the evidence is decidedly against plaintiff.

Argued Jan. 16, 1919.  Appeals, Nos. 97 and 98, by plaintiffs, from judgment of C. P. No. 2, Philadelphia Co., March. T., 1915, No. 2749, on verdict for defendant in case of Felix Petrowski by his father and next friend, John Petrowski and John Petrowski in his own right, v. Philadelphia & Reading Railway Company.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEP-HART, JJ.  Reversed.

Trespass to recover damages for personal injuries to a boy twelve years old.  Before ROGERS, J.

Verdict and judgment for defendant.  Plaintiffs appealed.

*Errors assigned* were various rulings on evidence, and instructions.

*John J. McDevitt, Jr.,* for appellants.—It is not by secret orders or instructions given an employee that the responsibility of the master is determined but the master is responsible for acts done within the general line of duty or scope of employment: McClung v. Dearborne, 134 Pa. 396; Simmons v. Penna. R. R. Co., 199 Pa. 232; Marcus v. Gimbel Bros., 231 Pa. 200; Dunne v. P. R. R., 249 Pa. 76.

The wilfulness and degree of negligence and recklessness of the act of the employee is important as affecting the question whether or not the particular act was done within the scope of the employment, but a child, as in the case at bar, need not show that he was driven by the employee wilfully, with gross negligence and recklessness from the train: Brennan v. Merchants & Co., 205 Pa. 258; Guinney v. Hand, 153 Pa. 404; Schimpf v. Harris, 185 Pa. 46; Dunne v. Penna. R. R. Co., 249 Pa. 76; Stephanik v. B. & O. R. R. Co., 243 Pa. 43; Pollack v. Penna. R. R. Co., 210 Pa. 631; Enright v. Pittsburgh Junction R. R. Co., 198 Pa. 166; Hyman v. Tilton, 208 Pa. 641; Geltzer v. Phila. R. T. Co., 54 Pa. Superior Ct.

492; Berreski v. Phila. Electric Co., 62 Pa. Superior Ct.
62; McGinnis v. Peoples Bros., 249 Pa. 335.

*Wm. Clarke Mason,* for appellee, cited: Faust v.
Phila. & Reading Ry. Co., 191 Pa. 420; Brennan v. Merchant, 205 Pa. 258; Christian v. Phila. Rapid Transit
Co., 244 Pa. 391; McGinnis v. Peoples Bros., 249 Pa.
335; Knickerbocker Ice Co. v. Penna. R. R. Co., 253 Pa.
54.

OPINION BY MR. JUSTICE MOSCHZISKER, February 10,
1919:

Felix Petrowski sued in trespass, alleging that, on
March 31, 1915, when but twelve years old, he was seriously injured upon defendant's railroad, through its
negligence; judgment was entered on a verdict for defendant and plaintiff has appealed.

Young Petrowski claimed, and presented evidence to
prove, he boarded one of defendant's cars while it was
standing still; that, when the train was moving "pretty
fast," he was chased therefrom by a man, carrying a
club and flag, who wore overalls and a cap, "with a shiny
black band around it"; that this man ordered plaintiff
to "get off," and, upon failure to obey, threw his club at
him; which made the boy dodge and fall, thus causing
his injury.

On the other hand, defendant claimed, and produced
numerous witnesses to prove, plaintiff was injured while
attempting to steal a ride on a moving train, and that
his story of the accident was a fabrication without basis
of fact.

The issues thus raised were submitted to the jury;
but plaintiff contends the trial judge erred in his charge
and in the admission of certain evidence offered by defendant.

Before considering the several points suggested by the
assignments of error, we shall state some relevant principles of law, deducible from our recent decisions: When

in a given case it is shown that a man, costumed in the
garb usually worn by a brakeman, and carrying a red
flag, or other implement with which such trainmen are
generally equipped, was seen performing police duty
upon a train of the defendant (as in the present case),
this in the absence of controlling evidence to the con-
trary is sufficient to sustain a finding that such man was,
in fact, an employee of the railroad (Dunne v. Penna.
R. R., 249 Pa. 76, 78, 79; see also Bickley v. P. & R. Ry.,
257 Pa. 369, 373; and Oberndorf v. P. & R. Ry., 53 Pa.
Superior Ct. 74, 77), engaged in guarding its property
(Dunne v. Pa. R. R., p. 80, supra; Stidfole v. P. & R.
Ry., 261 Pa. 445); and, when an act of his is under in-
vestigation, which, if properly done, would be consistent
with the performance of such duty (guarding property),
it may be inferred, in the absence of evidence to the con-
trary, that the act was done and performed in the course
of his employment (Dunne v. Pa. R. R., supra, p. 80,
and Bickley v. P. & R. Ry., supra, p. 374). Furthermore,
privately imparted orders to employees of the class to
which the one in question belongs, that they shall per-
form their duties in a specified manner, differing from
the way in which the particular employee acted at the
time involved, will not serve to make the latter's act any
less one done in furtherance of the master's business, if
such act apparently falls within the general scope of the
servant's employment (Dunne v. Pa. R. R., supra, p.
81, citing P. W. & B. R. R. v. Brannen, 1 Sadler 369;
Brennan v. Merchant & Co., 205 Pa. 258, 261; McClung
v. Dearborne, 134 Pa. 396, 406-408, and cases there
cited); in other words, and speaking more particularly,
it being the duty of a brakeman to guard from tres-
passers the train upon which he is employed (as here de-
fendant's own witnesses testified it is), then, even though
the orders from his employer, that this duty shall be per-
formed in a certain way, are departed from, if, as a mat-
ter of fact, at the time of such departure, the employee is
engaged in relieving the train from the presence of a

trespasser, he none the less acts within the general scope of his employment.

While trainmen are not required to search out and care for infant trespassers, yet, when a child of tender years is observed upon a railroad car, it is the duty of those in charge to see that they do not start the train until the infant trespasser has alighted therefrom (Pollack v. Pa. R. R. No. 1, 210 Pa. 631, 633; Trevethan v. P. & R. Ry., 244 Pa. 414; Di Meglio v. P. & R. Ry., 249 Pa. 319, 324); or, if the train is actually in motion when such infant is first observed, then the duty is not to commit any overt act which is likely to cause him injury (Pollack v. Pa. R. R., supra; Enright v. Pittsburgh J. R. R., 198 Pa. 166, 170; Stephanik v. B. & O. R. R., 243 Pa. 43, 45); and, if this duty is breached, it is not essential to recovery that there be present any element of recklessness or grossness,—proof of what under ordinary circumstances might be termed "mere negligence" is enough (Piepke v. P. & R. Ry., 242 Pa. 321, 326; Pollack v. Penna. R. R., supra, p. 634; Trevethan v. P. & R. Ry., supra, p. 417; Stidfole v. P. & R. Ry., supra); but, to justify the application of this rule, it must appear that the offending employee actually saw or was aware of the presence of the infant trespasser.

Finally, where one, knowing that a child of tender years is trespassing upon a vehicle under his care, negligently acts in such a manner as to injure the trespasser, the conduct of the transgressor is viewed in law as "intentional," or wilful, and "wanton"; and, although we have said, in a case of this character (McGinnis v. Peoples Bros., 249 Pa. 335, 338) that the defendant is entitled to the affirmance of a point to the effect that the jury must find the injury was "wantonly and intentionally" inflicted, yet, in that case, those terms are used in the sense just stated; this is consistent with the other cases hereinbefore cited.

The trial judge, against the objection of plaintiff, allowed the introduction of evidence by defendant that its

brakemen were directed, when they saw train riders, to notify the conductors, whose duty it was to wire ahead to the next station for an officer to take off such trespassers; and, apparently based on this testimony, the judge instructed the jurors that, unless they could find from the evidence "it was within the scope of such brakeman's employment and duty to eject a trespasser, then there may be no recovery," for "such brakeman would not be acting in the scope of his authority." He further instructed, and reiterated several times, that, before plaintiff could recover, he must satisfy the jury "defendant's employee wilfully and with gross negligence caused the boy's injuries by recklessly driving him from the train." When these admissions of evidence and instructions are tested by our recent decisions, it is plain they transgress the rulings there made. In cases of this character, involving alleged negligence towards children trespassers of tender years, the test is neither reckless conduct nor gross negligence, but lack of due care under the circumstances. In determining whether an employee acted in the course of his employment, the duties involved in the general scope of such employment are the criteria, and privately imparted orders limiting those duties have no bearing.

The substantial issue in this case is, was plaintiff injured through being either forced or scared from a moving train by a servant of defendant, the latter acting within the general scope of his employment and in furtherance of his master's business; or was this child hurt while attempting to board a moving train? A reading of the printed testimony conveys the impression that the weight of the evidence decidedly favors defendant's contention that the accident happened in the way last mentioned, and the trial judge, who saw and heard the witnesses, evidently was strongly so impressed. If, upon a rehearing of the cause, plaintiff recovers a verdict, and the court below again takes a like view, amounting to a conviction, that tribunal has a remedy at hand, by granting a new trial, which it should not

hesitate to apply (Maloy v. Rosenbaum, 260 Pa. 466, 472; Hewitt v. Democratic Publishing Co., 260 Pa. 59, 61, 62); but it is not for us to pass upon the honesty of plaintiff's case. Our duty is simply to decide the points of law presented by the assignments of error; and these, on the present record, we must determine in plaintiff's favor.

The judgment is reversed with a venire facias de novo, and a like order is made in No. 98, Jan. T., 1919.