## Wind, Appellant, *v.* Steiert & Son.

*Negligence—Master and servant—Act of servant not within scope of employment.*

Where the driver of a truck received positive instructions not to permit children to ride on the truck at any time and when, in spite of these instructions, he permitted the nine-year-old son of the plaintiff to get on the truck and, in jumping from the truck, the boy was killed, the employer of the driver is not liable for the accident.

Where, under the undisputed testimony, the boy had no right to be on the property of the defendant, which was being used in a lawful manner for lawful purposes, there was no negligence unless there was a breach of duty, and the court should have instructed the jury that the defendant was not liable.

Argued Oct. 16, 1918. Appeal, No. 144, Oct. T., 1918, by plaintiff, from judgment of Municipal Court of Philadelphia Co., Oct. T., 1917, No. 688, for defendant non obstante veredicto, in case of Nice Wind v. Alois Steiert

194, (1919).] Statement of Facts—Opinion of the Court.
and Herman A. Steiert, trading as Steiert & Son. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's minor son. Before MacNEILLE, J.

At the trial it appeared that the son of the plaintiff, a boy about nine years old, was injured as the result of his jumping, or being thrown, from a truck owned by the defendants on which he was riding. The circumstances of the accident are recited in the opinion of the Superior Court.

Verdict for plaintiff for $927.50.

Subsequently the court entered judgment, non obstante veredicto. Plaintiff appealed.

*Error assigned* was in entering judgment n. o. v.

*Simon C. Raken,* for appellant, cited: Smith v. Stoner, 243 Pa. 57; Duffy v. York Haven Water & Power Co., 233 Pa. 107 (1911) ; Gillis v. Pennsylvania R. R., 59 Pa. 129 (1868) ; Walsh v. Pittsburgh Rys. Co., 221 Pa. 463 (1908) ; McGinnis v. Peoples Brothers, 249 Pa. 335 (1915) ; Geltzer v. Philadelphia Rapid Transit Co., 54 Pa. Superior Ct. 492 (1913).

*Frederick J. Knaus,* and with him *John W. Speckman,* for appellees.

OPINION BY ORLADY, P. J., February 28, 1919:

This action was brought to recover damages for the death of a nine-year-old son of the plaintiff, resulting from his jumping or being thrown from a truck owned by the defendants, on which he was riding. The plaintiff recovered a verdict, which was subsequently set aside, and judgment was entered for the defendant on its motion, non obstante veredicto. The controlling facts are not disputed. The defendants used in their business a

heavy truck of the commercial type. The driver, John Lynch, had been in their employ for a number of years, was considered careful and experienced, and had been instructed positively to not permit children to ride on the truck at any time. On the day of the accident, at the request of four small colored boys who were playing on the street, he permitted them to get on the truck while it was at rest, to take a ride. Gerwin Brown and Albert Wind (the dead boy), took their position on the running board, on the left-hand side of the truck. Albert Wind stood in the rear holding on to a stanchion, while the other two boys were on the rear part of the truck. The front had a hooded cover over the driver's seat, so that from his position on the right-hand side at the wheel he could not, on account of the hood, see Albert Wind at the rear of the running board on the left-hand side. The testimony shows that after Albert Wind jumped, or was jolted off, by some mischance, he was thrown under the rear wheel and so severely injured that he died soon after. Lynch, the driver, did not see the accident or know of it until later in the evening, when he was informed by a member of his family, and at once surrendered to the police authorities.

This action is against the owner of the truck and not against the driver, who was at the time engaged in the master's business, on a public highway. It is not claimed that the boys were ordered from the truck, but that each jumped off of his own will. Nor is it suggested that the driver was going at any other than a reasonable and moderate speed. It is also apparent that the driver did not know when Albert Wind got off the truck, as his attention was directed to his duties as driver.

The foundation of the plaintiff's right to recover, if at all, must be a negligent act of the defendants, through their driver's conduct while in the course of his employment. That a child of this age may be a trespasser and be subject to the rule of law relating to trespassers, has been held many times. While he may not be charged

with contributory negligence, much may depend upon the character of the injury the circumstances under which it occurred and the intelligence and maturity of the child. These boys were engaged in the usual pleasure of children on the streets, and whether permitted to mount the truck, or were there with the knowledge of the driver, the defendant's liability in this case is to be measured by certain fixed rules of the law which hold the master liable for the negligent and wanton acts of the servant. And to recover in such a case, it must appear that there was a wanton or intentional injury inflicted.

Under the undisputed testimony the boy was where he had no right to be, on the property of the defendant,—which was being used in a lawful manner for lawful purposes in the conduct of its business, with positive orders to the servant that the children should not be permitted to ride on it. This defendant owed to this child, whether an invited guest or a trespasser, the duty not to injure him intentionally, but it was under no duty actively to take care of him by keeping him off the truck, or for injuries resulting from his voluntarily leaving it. There was no negligence unless there was a breach of duty, and the testimony being undisputed, it was the duty of the court to instruct the jury that this defendant was not liable in this action. It is not suggested that any further precaution could have been taken by the owner to prevent children from trespassing on it, or that the orders given in this case were not given in perfect good faith. If violated or ignored by the driver, no liability is attached to the owner.

The court's definition of negligence,—absence of care according to the circumstances,—was correct enough, but leaving it to the jury to find the circumstances from which the inferences of negligence could be drawn when there were no such circumstances in the evidence, was error: White v. Roydhouse, 211 Pa. 16; Thompson v. B. & O. R. R., 218 Pa. 444; McGinnis v. Peoples Bros., 249 Pa. 338; Leithold v. Ry. Co., 47 Pa. Superior Ct.

Opinion of the Court. [71 Pa. Superior Ct.

147. "Even where the relation of master and servant exists, the former is only liable for the acts of the latter done in the course of his employment, and while the question of what is within the course of such employment is usually one for the jury, when the facts are undisputed and it clearly appears that the act of the servant was outside the line of his employment, it is the duty of the court to so declare": Connor v. Penna. R. R. Co., 24 Pa. Superior Court, 243; Towanda Coal Co. v. Heeman, 86 Pa. 418; Arzt v. Lit, 198 Pa. 519; Simmons v. Pennsylvania Railroad Co., 199 Pa. 232; Guille v. Campbell, 200 Pa. 119. The reasons given by the court below in entering judgment for the defendant, fully warrant the conclusion reached.

The judgment is affirmed.