## Hughes, Appellant, *v.* Murdoch Storage & Transfer Co. (No. 1).

*Negligence—Automobile—Infant—Trespasser on truck—Scope of driver's employment.*

·1. Where the driver of a storage and transfer truck permits or invites a boy fourteen years of age to ride upon the truck, and, when the boy is alighting, so negligently operates it, as to cause him a personal injury, the owner of the truck is not liable for the injury, in the absence of any proof that the act of the driver in permitting the boy to ride, was fairly within the scope of his employment.

2. In such case the driver has no implied authority to permit boys to ride on the truck, and he acts beyond the scope of his employment when he does so.

Argued October 15, 1920.   Appeal, No. 155, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1919, No. 1079, on verdict for defendant in case of John Francis Hughes, by his father and next friend, William Hughes and William Hughes v. The Murdoch Storage & Transfer Co.   Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ.   Affirmed.

Trespass for personal injuries to a boy fourteen years old.   Before Drew, J.

The opinion of the Supreme Court states the facts.

At the trial the court gave binding instructions for defendant.   Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned,* inter alia, was abovᵒ instruction, quoting it.

*F. C. McGirr,* for appellant.—It has frequently been held to be negligence for which the master is liable where the servant or agent drives or frightens a minor off a moving street car, train, or vehicle of any kind: Biddle v. Ry., 112 Pa. 551; Levin v. Traction Co., 194

Pa. 156; Barre v. Ry., 155 Pa. 170; Enright v. Ry., 198
Pa. 166; Petrowski v. Ry., 263 Pa. 531; Minute v. Ry.,
264 Pa. 93; Hyman v. Tilton, 208 Pa. 641; Geltzer v.
Transit Co., 54 Pa. Superior Ct. 492; Sanford v. Ry.,
153 Pa. 300; Trevethan v. Ry., 53 Pa. Superior Ct. 238.

*John M. Gallagher*, with him *D. H. McConnell*, for appellee.—Plaintiff was not entitled to recover: Flower v.
R. R., 69 Pa. 210; Byrne v. Brewing Co., 259 Pa. 357.

OPINION BY MR. JUSTICE KEPHART, December 31, 1920:
The principle enunciated in Petrowski v. R. R., 263
Pa. 531, and Minute v. R. R., 264 Pa. 93, does not control
this case.  Where infant trespassers are found on board
a freight train by a man duly garbed as an employee, he
may, in the performance of his duty of guarding and protecting the train, eject such persons, and it is immaterial
how the boy got upon the cars, whether with or without
permission.  It is the duty of the employee to put him
off, and when so acting he is within the scope of his employment, but in putting him off he must commit no
negligent act that is likely to cause the infant injury.
In the case at bar, the driver of defendant's storage and
transfer truck permitted or invited plaintiff's son, fourteen years of age, to ride on the truck.  When the boy
reached his destination, the car stopped and he attempted
to alight.  The driver, it seems, did not give him sufficient time.  He started the truck just as the boy was
part way down.  By so doing, it threw the lad under the
wheels, causing the injury complained of.  To sustain a
recovery, under these circumstances, it should appear that the act of the driver, in permitting the
boy to ride, was fairly within the scope of his employment: Wind v. Steiert & Son, 71 Pa. Superior Ct.
194; Byrne v. Pittsburgh Brewing Co., 259 Pa. 357;
Scheel v. Shaw, 60 Pa. Superior Ct. 73.  If he so acted,
the master owed a duty through his agent to see that no
negligent act should happen that might injure the invitee.  The test is not that, when the invitation was

given, he was engaged in the course of his employment in his master's business, but was the invitation or its consequences in furtherance of the master's business, so that it might be said to be impliedly within his authority? The master is bound by the acts of his servant in the course of his employment, but he is not bound by those outside of such employment. The servant (a truck driver) has no right to impose upon his master's onerous liability by holding him responsible for the safe carriage of any person he may see fit to accept as a passenger. Such persons, so invited or permitted to ride, should know of this obvious lack of authority from the position the man holds and the character of his employment. If there was some risk in riding, the passenger assumed whatever risk there was, as well as that which came from his alighting and leaving the truck. The servant's duties were those of an ordinary driver of a truck, and at the time of the accident he was engaged in the performance of such duties. He had no implied authority to permit boys to ride on his truck, and acted beyond the scope of his employment when he did so. Nor does the fact that, although a trespasser, the boy was safely on the truck, alter the case. The master, short of wantonness, did not owe him the duty of safe carriage or to see that he safely alighted. The boy's appearance on the truck was a trespass, created by the act of the driver for his own personal pleasure, comfort or convenience, and that of the boy. He continued as a trespasser and the driver's subsequent conduct in negligently starting the truck before the boy was off, was part of the same trespass. None of the acts occurred in the execution or furtherance of the master's business: Kiernan v. Ice Co., 74 N. J. L. 175; Driscoll v. Scanlon, 165 Mass. 348. The master was under no duty to take care of the boy by keeping him off the truck, nor liability for injuries resulting from his voluntarily leaving it. It is not like a case where the master is engaged in the transportation of passengers or freight, where the scope of the agent's authority has been extended as we have indicated. Thus

1920.]                    Opinion of the Court.

far, under our law, the agent's authority presumptively does not include that claimed for here.

Judgment affirmed.