# Perrin et al., Appellants, *v.* Glassport Lumber Co.

*Negligence—Master and servant—Infant—Wilful or wanton injury—Riding on truck.*

1. In an action against the owner of a truck to recover damages for injuries to a child three years old caused by the alleged negligence of the driver, recovery can be had only if it is shown that the injuries were the result of the negligence of the driver in the course of his employment, or that his conduct in causing them was wilful.

2. If it appears the driver was instructed not to permit children to ride on the truck, that he knew the plaintiff child was on the truck when it started, but did not know it had crawled over the side of the running board and slipped and was injured, no recovery can be had against his employer.

3. In such case the failure of the driver to remove the child, was not such a wrongful act as to justify a finding that the injury was inflicted wilfully or wantonly.

*Appeals—Binding instructions for defendant—Inference from testimony for plaintiff.*

4. Where the court below has given binding instructions for defendant, the appellate court must accept as true all of the testimony for plaintiff and inferences therefrom.

Argued October 10, 1922. Appeals, Nos. 53 and 54, Oct. T., 1922, by plaintiffs, from judgment of C. P. Allegheny Co., Oct. T., 1920, No. 253, on directed verdict for defendant, in case of Donald O. Perrin, a minor, by his father and next friend, Tobias Perrin, and Tobias Perrin, in his own right, v. Glassport Lumber Co.    Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Trespass for personal injuries to child three years old. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for defendant. Plaintiffs appealed.

*Error assigned,* inter alia, was direction for defendant, quoting record.

*A. M. Simon,* for appellants.—This case is ruled by Petrowski v. Ry., 263 Pa. 531.

*William A. Jordan,* for appellee.—The case at bar is ruled by Wind v. Steiert & Son, 71 Pa. Superior Ct. 194; Hughes v. Transfer Co., 269 Pa. 222; Lafferty v. Armour Co., 272 Pa. 588.

OPINION BY MR. JUSTICE SADLER, January 3, 1923:

Donald Perrin was injured by the truck of the defendant. With his father, he brought suit for damages, averring negligence on the part of its driver, and from the adverse verdict directed, and the judgment entered thereon, these appeals are taken. The plaintiffs resided in Hemlock Alley, in the City of Pittsburgh, and the Glassport Lumber Company had been requested to do some plastering work at their home. One Milligan was the employee sent to perform the service, and he drove the car carrying the materials required. The truck was left standing in the street until the task was completed, when he re-entered it and began his return journey. The Perrin boy, aged two years and eleven months, had been in the house at the time of Milligan's arrival, but escaped through the front door left open by the workman. Donald went upon the street, got on the car to play in the sand which it carried, and was sitting there when Milligan drove away. Within a short distance, the child, without knowledge of the driver, crawled over the side to the running board, from which it slipped, and as a result was injured.

This statement of facts is the most favorable to the plaintiffs that can be drawn from the evidence produced. It further appears, without dispute, that the driver had instructions to permit no children to ride in his truck, and that he did not see the boy climb over the side and

fall. No suggestion is made that the plaintiff was forcibly removed, or driven from the car. It may be observed Milligan claimed to have placed the boy upon the sidewalk before starting. For the purposes of this case, however, binding instructions for the defendant having been given in the court below, we must accept as true all of the testimony and inferences therefrom favorable to plaintiffs: Silberstein v. Showell, Fryer & Co., 267 Pa. 298.

The suit was instituted against the owner of the truck, and not its driver. If a recovery is to be had, it must appear that the injuries were the result of some negligent act performed by the latter within the course of his employment, or that the conduct causing them was wilful: Bally v. Pittsburgh Rys., 272 Pa. 178. Though the plaintiff was on the car by invitation or permission of the employee, unless the consent was authorized, expressly or impliedly, the employer is not to be held liable, except for injury resulting from some wilful act. "The servant [a truck driver] has no right to impose upon his master an onerous liability by holding him responsible for the safe carriage of any person he may see fit to accept as a passenger......The employee's duties were those of an ordinary driver of a truck, and at the time of the accident he was engaged in the performance of such duties. He had no implied authority to permit boys to ride on his truck, and acted beyond the scope of his employment when he did so. Nor does the fact that, although a trespasser, the boy was safely on the truck, alter the case. The master, short of wantonness, did not owe him the duty of a safe carriage, or to see that he safely alighted": Hughes v. Murdoch S. & T. Co., 269 Pa. 222. The same rule is declared in Wind v. Steiert & Son, 71 Pa. Superior Ct. 194, where a recovery was denied under circumstances such as appear in the case at bar.

Milligan was directed to drive his truck to the Perrin home, there to do certain plastering, and return. He

had no implied authority to carry the injured child, or any other,—indeed, it is uncontradicted that his express order was to the contrary.   Such privately given directions to perform duties in a specified manner will not relieve from liability, when the employee proceeds in a different way, causing injury, provided the act is done as a part of the master's work, and apparently falls within the general line of the servant's duty: Petrowski v. P. & R. Ry. Co., 263 Pa. 531.   Here, however, the undisputed facts show Milligan, in permitting the boy to ride, was acting outside the course of his employment, and it was the duty of the court to so declare as a matter of law: Wind v. Steiert, supra; Guille v. Campbell, 200 Pa. 119.

Plaintiff insists the conduct of the driver in failing to remove the child from the truck, while employed in his master's business, though acting beyond his authority, was so wrongful as to justify a finding that the injury was inflicted wilfully or wantonly, thus imposing liability upon the defendant.   The fact that the injured one was of tender years, though relieving it from any charge of contributory negligence, does not alter its status as a trespasser: Gillespie v. McGowan, 100 Pa. 144.   In such case, a recovery can be had only where the injury was wantonly or intentionally inflicted.   Thus verdicts have been sustained where the trespasser has been forcibly removed or driven from cars while in motion (Thomas v. Southern Pa. Trac. Co., 270 Pa. 146; Biddle v. Hestonville Pass. Ry., 112 Pa. 551; Pollock v. P. R. R. Co., 210 Pa. 631), or from wagons and trucks: Lafferty v. Armour & Co., 272 Pa. 588; McGinnis v. Peoples Brothers, 249 Pa. 335; Hyman v. Tilton, 208 Pa. 641; Brennan v. Merchant & Co., 205 Pa. 258. Where, however, the proof fails to show the wilful infliction of some harm, or facts from which such purpose may be inferred, the master cannot be held liable.   An examination of the facts involved in Petrowski v. P. R. R. Co., 263 Pa. 531, relied upon by appellant, will show

the decision there reached is not in conflict with the well established rule of liability, as hereinbefore stated. In that case, distinguished in Hughes v. Murdoch, supra, the responsibility of defendant arose from the conduct of a brakeman, who, acting within the line of his employment, attempted to drive a child from a moving train. To effect this end, he threw his club at the minor, causing it to dodge and fall.

A careful review of the record now presented leads to the conclusion that the driver of the truck had no implied authority to carry the injured child. He was not engaged in furtherance of his master's business in so doing, and for his negligence, if any appeared, the employer cannot be held responsible. Though engaged in the work of the lumber company, the harm was caused by an act done beyond the scope of his authority, and no liability attached to the defendant, in the absence of proof that the conduct resulting in injury was wilful and wanton. No testimony warranted such an inference, and binding instructions for the defendant were therefore proper.

The assignments of error are overruled and the judgment is affirmed.