## Murphy et al. v. Omwake.

*Harris C. Arnold* and *John A. Coyle,* for plaintiffs.
*F. Lyman Windolph* and *John E. Malone,* for defendant.

GROFF, J., Jan. 18, 1930.—In this case John C. Murphy, by his mother and next friend, Ella Murphy, seeks to recover from Howard R. Omwake damages for injuries which occurred to him on May 11, 1928, when he was a passenger riding on the running-board of an automobile owned by the defendant, and driven by Geiger Omwake, and the said Ella Murphy, in this suit, seeks to recover for the amount of money expended by her for medical, surgical, nursing and hospital care rendered to her son, John C. Murphy, and which she was obliged to pay by reason of the said injuries.

From the statement it appears that at the time of the accident the car of defendant was being driven by Geiger Omwake, who, the statement sets out, was the agent, servant or employee of the defendant, and was being driven within the scope of the said Geiger Omwake's employment as such agent, servant or employee; that at the time and place of the accident the minor plaintiff was then and there riding on the right running-board of the said Howard

R. Omwake's car, which was being driven by Geiger Omwake; that the minor plaintiff was riding on said car as a guest of Howard R. Omwake and Geiger Omwake, at the express invitation of Geiger Omwake acting then and there as a duly authorized agent for the said Howard R. Omwake; that "the said Geiger Omwake, operating defendant's automobile, as aforesaid, approached the intersection of West Chestnut and Arch Streets (in the City of Lancaster) at an excessive and negligent rate of speed, without having the car under proper control, and without sounding any warning;" that "at the time and place aforesaid the defendant's said car, operated as aforesaid, ran into and struck the automobile of one S. R. Nissley, which was then and there crossing said Chestnut Street, proceeding southward on said Arch Street."

The statement then proceeds to say that the collision was caused by the negligence of the said agent or employee, in that he did, or failed to do, five different things, and then alleges that as a result of the said collision the minor plaintiff was thrown with great violence from the defendant's automobile, and then describes the plaintiff's injuries and the expenses which the mother incurred by reason of the accident.

To this statement the defendant filed an affidavit of defense raising a question of law, and he claims that the plaintiffs cannot recover for: "1. The said statement of claim shows on its face that the minor plaintiff was guilty of contributory negligence and therefore the plaintiffs cannot recover."

Is the position of the defendant tenable in this case?

The Practice Act of May 14, 1915, P. L. 483, section 4, says: "Demurrers are abolished. Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

And section 20 of the same act says: "The defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim; and any question of law, so raised, may be set down for hearing and disposed of by the court. If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant, or make such other order as may be just. If the court shall decide the question of law, so raised, against the defendant, he may file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days."

It is a well settled principle of law that where a defendant files an affidavit of defense in the nature of a demurrer the facts appearing from the plaintiff's statement of claim must be regarded as true. Now, upon considering those facts as above stated, we find that the car of the defendant was being driven by his agent, servant or employee; that the minor plaintiff was invited to ride as a guest by said servant, agent or employee; and that at the time of the accident the minor plaintiff was riding on the running-board on the right-hand side of defendant's car.

Was defendant responsible for the minor plaintiff being where he was at the time of the accident? We think not. And in reaching this conclusion we are supported by the opinion of the Supreme Court in Nelson v. Johnstown Traction Co., 276 Pa. 178. In that case a boy eleven and one-half years old assisted his mother in attending a grocery store owned and conducted by her. Some time early in the day he went swimming. When returning home he rode on the truck at the driver's invitation. Justice Kephart, in delivering the opinion of the court, said:

"In doing so he was, as to the owner, a trespasser, and, short of wantonness, the owner would not be liable for injuries occasioned by the driver (Hughes v. Murdoch Storage & Transfer Co. (No. 1), 269 Pa. 222, 224), but

as to others than the owner or persons in kindred relation, the boy was entititled to the same protection as if invited by the owner to ride thereon."

The plaintiff in this case is in a different position in relation to the owner of the car than he would be where the injury occurred through the alleged negligence of some one other than the driver of the car, that is, through the alleged negligence of some third party who was neither owner nor driver of the car in which plaintiff was injured.

"The test is not that, when the invitation was given, he [the driver] was engaged in the course of his employment in his master's business, but was the invitation or its consequences in furtherance of the master's business, so that it might be said to be impliedly within his authority?" Hughes v. Murdoch Storage & Transfer Co. (No. 1), 269 Pa. 222, 223.

The plaintiff, in his statement, alleges that on the day of the accident the automobile was being driven by the defendant's agent, servant or employee, acting within the scope of his employment, and upon defendant's business. And in plaintiff's amended statement, at 6 (a), we find: "The minor plaintiff was then and there riding on the right running-board of the said Omwake car," and, at 6 (b), he says: "The minor plaintiff was riding on said Omwake car as the guest of Howard R. Omwake and Geiger Omwake, at the express invitation of Geiger Omwake, acting then and there as a duly authorized agent for the said Howard R. Omwake in so doing." At no place in plaintiff's statement does he say that the invitation or the consequences thereof were in furtherance of the master's business, and, therefore, it cannot be said to be impliedly within his authority.

In addition to the cases above cited, the Supreme Court has recently decided the case of Schomaker v. Havey, 291 Pa. 30, 31, in which, in a *per curiam* opinion, the court said: "In Harding v. Phila. R. T. Co., *supra* [217 Pa. 69], at page 70, we said: 'It is . . . clear that one who takes a position of manifest and imminent danger assumes the risk of his position.' Certainly, standing on the running-board of a moving automobile is as dangerous as standing on a similar place on a street car, if not more so, and a person who takes such a position on an automobile is guilty of plain contributory negligence," and then sustained the refusal of the court below to strike off the nonsuit granted in that case.

The syllabus in Schomaker v. Havey, *supra*, says:

"1. A person who stands on a running-board of a moving automobile is guilty of contributory negligence as a matter of law.

2. One who takes a position of manifest and imminent danger assumes the risk of his position."

Have we a right to enter judgment here on the affidavit of defense raising a question of law in favor of the defendant?

In Davis v. Edmondson, 261 Pa. 199, we find that "a statement of claim is insufficient where it fails to make out a case clear of contributory negligence on the part of the plaintiff."

A careful consideration of the facts in the case at hand, together with the cases above cited, and others examined, leads us to the conclusion that the minor plaintiff was guilty of contributory negligence in standing where he did at the time of the accident. The statement discloses that the minor plaintiff was a trespasser so far as the defendant is concerned, and the statement further discloses a case not only not clear of contributory negligence on the part of the plaintiff, but a case in which the plaintiff, so far as this particular defendant is concerned, was guilty of contributory negligence.

Therefore, we believe that the correct conclusion of this matter is that the question of law should be decided in favor of the defendant, and that that question of law being so decided disposes of the whole of the plaintiff's claim. The court directs that judgment be entered for the defendant.

Judgment entered for the defendant.

From George Ross Eshleman, Lancaster, Pa.