## Walters *v.* DeFelice & Son, Inc., Appellant.

Argued March 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Myron E. Rowley,* with him *Ralph E. Smith, James E. Rowley* and *Rowley & Smith,* for appellant.

*Robert L. Orr,* with him *Reed, Ewing & Ray,* for appellees.

OPINION BY MR. JUSTICE MUSMANNO, April 19, 1955:

The plaintiffs, who are owners of a tract of land in New Sewickley Township, Beaver County, sued L. G. DeFelice and Son, Inc., in trespass, claiming that the defendant while constructing an extension of the Pennsylvania Turnpike through the plaintiffs' land, conducted negligent blasting and performed wilful and malicious trespasses in that it disconnected gas lines, tore down fences, mishandled a bulldozer, piled large quantity of dirt on the plaintiffs' land and committed other mischiefs, to such an extent that the plaintiffs suffered serious damages. At the ensuing trial the jury returned a verdict in favor of the plaintiffs for $1,049.60 compensatory damages and $1800 punitive damages.

The defendant filed motions for a new trial and for judgment n.o.v., but before these motions could be passed upon, the court stenographer who had reported the trial died, leaving his notes untranscribed. Apparently the reporter employed a shorthand system peculiarly his own and as a consequence the mystery of what was contained in the pothooks in his notebook died with him. The Court thereupon *sua sponte* ordered a new trial and the case came before a second jury, which raised an enigma of its own by returning, on practically the same evidence heard at the first

trial, a verdict for the defendant. The plaintiff moved for a new trial, which was granted, and the defendant appealed.

Elemental justice requires an affirmance of the lower Court's order. To do otherwise would be to make a mockery of justice. It was no fault of the plaintiff that the dead hand of the deceased reporter wiped away the verdict which he had legitimately won. The trial of a lawsuit is not a game or gamble with either side gaining fortuitous advantages not based on legal principle or equitable consideration. The courtroom is not a gridiron where a fumble can be seized by the opposite side and, regardless of intrinsic merit, go on to score a victory with it. As the matter now stands, two juries, considering practically the same evidence, have brought in contrary verdicts. The learned Trial Judge concluded that in this state of affairs, conscience and duty required him to order a new trial. He said: "If the trial court has a view, amounting to a conviction, that justice has not been done, that tribunal has a remedy, which it should not hesitate to apply. Petrowski v. Philadelphia and Reading Railway Co., 263 Pa. 531. We have such conviction in this case. It is not because of error in the second trial, but because of a failure of the judicial system to function completely in the first trial of the case that a litigant has had an equal division of opinion among twenty-four jurors. We believe another jury should resolve the question."

The Trial Judge's conclusions brought him well within the arc of judicial responsibility as drawn by Mr. Justice (later Chief Justice) von Moschzisker, in the case of *Maloy v. Rosenbaum Co.,* 260 Pa. 466, "While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong con-

flicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or *shocking to judicial conscience* is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice . . ."

Order affirmed.